# American Mailing Device Corporation, Appellant, *v.* Widener et al., Executors.

*Contracts—Principal and agent—Contracts by agent on behalf of principal—Authority of agent to act—Architects.*

No recovery can be had upon a contract for the installing of mail chutes in a building in the course of construction, under the supervision of an architect, where the contract upon which the action was brought was alleged to have been made by the architect on behalf of the owners of the property, but where it appeared that the architect had no authority to make any such contract.

Argued Jan. 15, 1918. Appeal, No. 209, Jan. T., 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1916, No. 4001, refusing to take off nonsuit, in case of American Mailing Device Corporation v. Joseph E. Widener and George D. Widener, Executors of Peter A. B. Widener, deceased. Before BROWN, C. J.; STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for breach of contract. Before PATTERSON, J.

From the record it appeared that the action was brought against the executors of Peter A. B. Widener upon a verbal contract alleged to have been made by Mr. Widener "through his duly authorized agents and employees" on or about the 15th day of January, 1915, for the erection of mail chutes in the Widener building.

The only person whom the plaintiff attempted to show was the decedent's agent was Horace Trumbauer, the architect of the building. That Mr. Trumbauer was the architect was admitted by the pleadings and was shown by the contract between Mr. Widener and the Geo. A. Fuller Company for the erection of the building; that contract did not give Mr. Trumbauer any powers other than those ordinarily given to supervising architects in

the erection of buildings.   There was no other evidence of any authority to Mr. Trumbauer to enter into a contract on the defendants' behalf.

The court entered a compulsory nonsuit, which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Joseph L. McAleer,* for appellant.

*Ellis Ames Ballard,* for appellees.

PER CURIAM, February 25, 1918:

The burden was upon the plaintiff to show that Trumbauer had authority to make the alleged contract with it upon which it has brought suit.   It not only failed to do so, but showed affirmatively by Trumbauer himself, whom it called as a witness, that he had no such authority.

Judgment affirmed.