NOVEMBER TERM, 1917.     585

*91 N. J. L.*     Kelly Const. Co. v. Hackensack Brick Co.

KELLY CONSTRUCTION COMPANY, A CORPORATION, RESPONDENT, v. HACKENSACK BRICK COMPANY, A CORPORATION, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. Where the sale is of a specified quantity of brick, *i. e.*, sufficient to complete a building according to stated specifications, the contract is entire, and a failure to pay when a part delivery has been made does not excuse the seller from completing delivery, no time for payment being stated in the contract.

2. Section 42 of the Sale of Goods act (*Comp. Stat., p.* 4657) enact-that "unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions," does not require payment with each delivery where such deliveries are made pursuant to an entire contract for goods the quantity and character of which necessitates delivery in installments.

3. Where by the contract of sale the buyer is not required to pay for a partial delivery until the whole delivery is complete, the seller cannot complain of the buyer's failure to pay for a partial delivery until threatened with suit, nor can the seller be relieved of his obligation to complete delivery by the fact that the buyer paid *pro rata* for a partial delivery, when threatened with such suit, and to avoid litigation.

4. The fact that a contracting company's foreman in charge of mechanics and laborers on the job was accustomed to buy trivial things needed in an emergency, does not show nor tend to show that he had authority to modify a contract for upwords of $5,000 worth of brick already entered into by the duly authorized officials of the company by which he was employed.

On appeal from the Supreme Court.

For the appellant, *Mackay & Mackay.*

For the respondent, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below brought this action to recover damages for the refusal of the defendant to perform a contract to deliver brick. A verdict was directed for the plaintiff at the Bergen Circuit and the defendant appeals.

We are of the opinion that the judgment must be affirmed.

No objection is made to the *amount* of the verdict directed. The defendant's contention is that it was legally justified in its refusal to complete its contract.

We think that contention is unsound and we find no error in record.

The plaintiff had a contract for the building of a high school at Englewood. It placed a written order with the defendant for the "furnishing and delivering and stacking on the job all the common hard brick required by the plans and specifications for the Englewood high school at $7 per thousand; brick to be delivered as required by us and sufficient brick to be kept on the job so that we will always have approximately fifty thousand brick stacked until the completion of the job." This order the defendant accepted in writing. Neither the order nor the acceptance fixed any time for payment. The defendant, after delivering some of the brick, refused to complete the contract, and a verdict was directed on the basis of the difference between the contract price and that which the plaintiff was required to pay in the market for the remainder of the brick contracted for.

The defendant's contention is that it was legally justified in refusing to complete its contract by reason of the admitted fact that the brick already delivered in part performance of the contract had not been paid for. But that contention is unsound in law.

Where, as here, the sale is of a specified quantity of brick, *i. e.,* sufficient to complete a building according to stated specifications, the contract is entire, and a failure to pay when a part delivery has been made does not excuse the seller from completing delivery, no time for payment being stated in the contract. *Baker* v. *Higgins,* 21 *N. Y.* 397.

And this is so notwithstanding section 42 of the Sale of Goods act (*Comp. Stat., p.* 4657), enacting that "unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions," &c. That section does not require payment with each delivery where, as here, such deliveries are made pursuant to an entire contract for goods

the quantity and character of which necessitates delivery in installments.

Since by the contract the plaintiff was not required to pay for a partial delivery until the whole delivery was complete, the defendant cannot complain of the plaintiff's failure to pay for a partial delivery until threatened by suit, nor can it be relieved of its obligation to complete delivery by the fact that the plaintiff paid *pro rata* for a partial delivery when threatened with such suit and to avoid litigation.

The defendant, however, claimed that after the original contract was made it was modified by a supplemental parol agreement by the terms of which payments were to be made not later than the tenth of the following month, and in default of any such payment the contract was terminated.

But a sufficient answer to that claim is that there was no evidence to support it. The evidence of O'Keefe by which the defendant hoped to show such a modification of the original contract was properly overruled. O'Keefe was merely a foreman in charge of mechanics and laborers on the job, and the fact that he was accustomed to buy trivial things needed in an emergency did not show nor tend to show that he had authority to modify a contract for upwards of $5,000 worth of brick already entered into by the duly authorized officials of the company by which he was employed.

We think these considerations in effect dispose of every question argued.

The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Parker, Bergen, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 13.

*For reversal*—Minturn, J. 1.