Reifsnyder et al., Appellants, *v.* Dougherty, Trustee.

330

Argued May 13, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Aaron S. Swartz, Jr.,* with him *Louis M. Child, II, John M. Dettra* and *Samuel H. High,* for appellant.—It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's acts and at the same time repudiate his authority: McBride v. Paper Co., 263 Pa. 345, 350; Singer Mfg. Co. v. Christian, 211 Pa. 534.

The court below held that to bind defendant on the theory of estoppel, actual knowledge of the priest's acts must be brought home to him. But, as has been pointed out, Father Maciejewski, the priest, cannot be called a stranger, even though he had no actual authority. Since there is nothing in the evidence to prove that he did have actual authority, that is, either express or implied authority, to bind defendant, we admit that the priest must

have had either apparent authority, or the defendant must be estopped from denying that the priest was his agent. And it is submitted that this case falls within one of these last two classes.

Notice to agent is notice to principal: Henderson Bridge Co. v. McGrath, 134 U. S. 260; Hertzler v. Nissly, 295 Pa. 62; Fourth Bleucher Bldg. Assn. v. Halpern, 270 Pa. 169; Heckman's Est., 172 Pa. 185; Houseman v. Bldg. Assn., 81 Pa. 256.

*Daniel C. Donoghue,* with him *Henry I. Fox,* for appellee.—It is well settled that the ecclesiastical relationship of bishop and priest does not thereby create the legal relationship of principal and agent: Tuigg v. Sheehan, 101 Pa. 363; Frey Bros. v. Dougherty, 286 Pa. 45.

Under the decision in Roberts v. Cauffiel, 283 Pa. 64, it was held that in a suit against a principal, on a promise made by his alleged agent, it is error to admit proof of like promises made by the agent to other parties.

As a matter of law, the architect could not impose on defendant the additional liability of paying the bill of a subcontractor unless he was given special power to do so: American Mailing Device Corporation v. Widener, 260 Pa. 375; Marble Works v. Sisters of Charity, 77 Wash. 256.

OPINION BY MR. JUSTICE KEPHART, June 21, 1930:

Appellants were subcontractors under a contract, let by appellee, Cardinal Dougherty, to the Woodland Construction Company for the construction of a church in Montgomery County. The contractor got into financial trouble; many of his subcontractors had not been paid and some threatened to stop work, among them appellants. The priest of the parish for which the church was being erected then told appellants that there was plenty of money to pay if they continued work, and appellants later received a check from Cardinal Dougherty's office. It was payable to the Woodland Construction Company

and endorsed by it. Appellants, having completed their work, and not being paid, instituted action therefor against the cardinal, as trustee.

It was contended in the court below that the priest was an agent of the cardinal, because he inspected the work, made changes, secured a building inspector, examined the workmanship, disapproved of parts of the work, enlisted other subcontractors to go ahead with their work when the contractor was defaulting, and was generally prominent in and about the construction. It was held the evidence was insufficient to establish agency, and recovery was denied.

Appellants rely on the principle that agency or authority by estoppel arises in cases where the principal, by his culpable negligence, permits his agent to exercise powers not granted to him, even though the principal has no knowledge or notice of the conduct of the agent (Dispatch Printing Co. v. Nat. Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L. R. A. (N. S.) 74) ; and on the further principle that where one professes to act for another without authority, the other person, as principal, is bound by such acts, because he fails to disavow them or to take steps to safeguard himself and third persons, so that the circumstances, to a reasonably cautious man, warrant the belief that the acts were based on authority from the other as principal. They claim that under such circumstances the principal is estopped from asserting facts to the contrary.

The ecclesiastical relationship of cardinal or bishop and priest will not create the legal relationship of principal and agent (Tuigg v. Sheehan, 101 Pa. 363; Frey Bros. v. Dougherty, 286 Pa. 45), and congregation and pastor does not create one of principal and agent: Davidsville First Nat. Bank v. St. John's Church, 296 Pa. 467. It must be understood that ecclesiastical relationship of itself does not in any sense set up a contract or legal relation on which to base liability for acts of one for the other. In the contract the cardinal guarded him-

self and his people by placing in the hands of an architect supervision of the construction according to the plans and specifications as interpreted by him. A bond in half the amount of the contract price was exacted for the faithful performance of the contract.

The liability of a principal to third parties for the acts of an agent may rest on the following grounds: (1) express authority, or that which is directly granted; (2) implied authority, to do all that is proper, usual and necessary to the exercise of the authority actually granted; (3) apparent authority, as where the principal holds one out as agent by words or conduct; and (4) agency by estoppel, which arises where the principal, by his culpable negligence in failing to supervise the affairs of his agent, allows him to exercise powers not granted to him, and so justifies others in believing he possesses the requisite authority. The last is the contention raised here. Appellants admit that there was no evidence to prove authority in the priest, either expressed or implied, but base their claim solely on the failure of the cardinal to visit the work and repudiate the acts of the priest.

Where one assumes to act as the agent of another, the burden of showing authority so to act lies on the person who avails himself of such acts in order to charge a third person as principal: 21 R. C. L. 858, section 36; American Car & Foundry Co. v. Water Co., 221 Pa. 529, 536, and cases there cited, and he must also show that he knew of the acts or conduct of the supposed agent at the time he relied on them. Agency will not be assumed from the mere fact that one does an act for another. The fact of agency must be established. Some legal connection must appear from which the alleged principal could not escape the conclusion of delegated authority or agency. This may be shown by notice or actual knowledge, without disavowal, of the repeated acts or course of conduct of the one assuming to act as agent toward an identified person. It must be remembered

that what is here attempted is to create a color of agency as to the agreement on which suit is brought; it is not a real agency as is one under express or implied authority.

There was a complete failure on the part of appellants to show that the bishop had any knowledge of any acts of the priest with respect to the acceptance or rejection of materials, or of any other act in connection with the construction of this church. Ordinarily the priest would be interested, as any other member of the congregation would be, but, unless specifically authorized, he cannot presume to act for the bishop. The acts of the priest enumerated above, and others not mentioned, would be of no more effect than similar ones of an inspector or overseer endeavoring and anxious successfully to complete the building. All of these acts committed on the work would not show or tend to show knowledge, either express or implied, nor would they show authority to make or modify a contract: Kelly Construction Co. v. Hackensack Brick Co., 91 N. J. L. 585, 103 Atl. 417.

On the question of negligence, no legal duty rested on the cardinal or any owner to visit the work to discover acts committed without authority. Appellee did not live at the place where the church was being erected, but in a different county. The bishop was not required to use diligence to discover or refute some floating rumor, gossip, or even general repute as to the actions or representations of the priest. No law requires it: Anfenson v. Banks, 180 Iowa 1066, 163 N. W. 608; Campbell v. Hastings & Co., 29 Ark. 512. Whom or what would he ask? Whom would he warn? No man is responsible for rumors concerning himself or his business unless through his own conduct he has given rise thereto, or their existence has been brought to his attention in such manner that in good conscience he should deny them. If one were legally bound to inquire what others were saying about him or about his business, there would be little time for anything else. It is only where knowl-

edge is brought home that some identified person is about to be injured that even a denial is necessary; but here this is not so and there was committed, in writing, to competent hands, the scope, nature and character of the work and its proper supervision. Any person building a house under similar circumstances might not know or learn what an inspector or supervisor had done in connection with the construction. If authority could arise by estoppel under the circumstances here predicated, it would lead to all manner of fraud and imposition on the owner. To effect an estoppel for appellants, it should appear that they were not only influenced by the conduct and declarations of the priest to their injury, but that they were destitute of knowledge of the true state of facts, and had no convenient means of acquiring such knowledge. The contract was in writing and filed in the prothonotary's office. They knew, or should have known, that the bishop or cardinal was the one to be relied on. They should not have reposed confidence entirely in the priest, but should have inquired at the main source of authority. Reliance must rest on some reasonable basis. We agree with the court below that the evidence was entirely insufficient to establish agency by estoppel or apparent authority.

Where an agent exceeds his authority, and this is known or should have been known by the principal, an agency may be created by apparent authority as to such acts; but in such instances the relation of principal and agent is already established for some purpose.

The knowledge of the architect of the priest's acts would be neither knowledge nor notice to appellee. The architect had no authority to increase the liability of the owners; his connection with the contract is fixed by the writing,—to pass upon the sufficiency of the work, labor and material, to determine the right of the contractor to receive payment, to interpret the plans and specifications, and such other powers as are specifically given to

him by the contract. It would be indeed a very dangerous doctrine to hold that an architect erecting a building according to plans and specifications, could, on his general powers of supervision and interpretation, construct a building twice as large, or rewrite the entire contract. Nor would the priest's or architect's conversation with Bolger, another subcontractor, stating that the balance of the money would come from the cardinal's office, be sufficient. Such declaration, even of an agent, is not admissible, it does not establish a promise to appellants themselves: Roberts v. Cauffiel, 283 Pa. 64.

We have held that an architect could not impose on the principal the additional liability of paying subcontractors unless he had specific authority to do so. See American Mailing Device Corporation v. Widener, 260 Pa. 375. "Where an architect is employed as an architect to prepare plans, or plans and specifications, for a building, and also to superintend the erection of the building, his relation to his employer extends no further than the performance of those services; his powers as agent being limited by his contract. He has authority to proceed in the usual way, and the employer may constitute him his agent generally for all purposes connected with the erection of the building; but apart from an agreement to that effect an architect is not the general agent of the owner, and has no authority to bind the owner by contracts for any work done upon or material furnished for the structure concerning which he is employed": 5 C. J. 256. See also Marble Works v. Sisters of Charity, 77 Wash. 256, 137 Pac. 468; Dodge v. McDonnell, 14 Wis. 553.

The cases cited by appellants do not apply; after careful consideration all assignments are overruled.

Judgment affirmed.