[Civ. No. 8239. First Appellate District, Division Two.—February 19, 1932.]

LENA B. SMEADE, Appellant, v. LOUIS ROSEN et al., Respondents.

George A. Prichard and Leslie L. Heap for Appellant.

Frank C. Shoemaker for Respondents.

JAMISON, J., *pro tem.*—Plaintiff brought this action to rescind a contract for the sale of real estate entered into with defendant Robert R. Fraser, and for damages in the event that the property conveyed by virtue of said contract could not be reconveyed to her. She alleged that the conveyance of said property was secured from her by the fraud of the defendants, all of whom had entered into a conspiracy

to defraud her of said property. Defendants Louis Rosen and Ida Rosen answered denying the allegations of fraud and conspiracy. Upon the trial of said cause judgment was rendered in favor of plaintiff against defendants Robert R. Fraser and Lydia Fraser for $2,080 and costs, in favor of Louis Rosen and Ida Rosen for their costs and that plaintiff take nothing by her action against them, and in favor of H. D. Winger and H. D. Winger Company, for costs. Plaintiff filed a motion for a new trial, which was denied and plaintiff appealed from that portion of the judgment denying relief against defendants Louis Rosen and Ida Rosen. This appeal is brought up on a bill of exceptions, none of the evidence being contained therein.

Appellant's contention is that the findings do not support the judgment. The court found that prior to January 24, 1927, defendant Robert Fraser represented to appellant that he was a duly licensed broker and that as such he was working through the office of H. D. Winger Company and was selling Romola Acres for the Pacific Development Company. That on January 24, 1927, appellant was the owner of two lots of the reasonable value of $2,080. That on January 24, 1927, said Fraser purporting to act as such broker entered into an agreement with appellant to obtain for her an interest in certain parcels of said Romola Acres, and as a consideration for the conveyance by her of said lots, to allow her in said exchange $2.080 for them. That pursuant to this agreement appellant and said Fraser selected certain parcels of land of the Romola Acres, but that the agreement was never consummated for the reason that said Fraser never obtained any of said parcels. That on January 25, 1927, the said Fraser presented appellant with a deed in which the space for the name of the grantee was blank, and the said Fraser requested appellant to execute the same representing to her that he would have the name of the Pacific Development Company filled in as grantee.

That thereafter, contrary to his said representations, and without the knowledge or consent of appellant, the said Fraser filled in the names of Louis Rosen and Ida Rosen as grantees in said deed and delivered same to them. That on or about January 26, 1927, the said Louis Rosen refused to accept said deed for the reason that said deed contained a recital that appellant was "a single woman" instead of a

"widow". That thereupon said Louis Rosen and said Fraser and wife caused a new deed to be prepared which contained the names of Louis Rosen and Ida Rosen as grantees. The insertion of these names was concealed from appellant and was not known to her at the time of the execution of same, and thereupon the said Fraser delivered said deed to said grantees for recordation, and the same was duly recorded on February 4, 1927. That on or about January 25, 1927, respondents, by request of said Fraser, conveyed to Lydia Fraser, the wife of said Robert R. Fraser, as a consideration for the aforesaid deed, a certain lot, and in addition paid over to said Fraser the sum of $340 in cash. That appellant had no actual knowledge that her said lots had been conveyed to respondents until about May 9, 1927, although she had constructive notice thereof on February 4, 1927. That on or about January 25, 1927, the said Robert R. Fraser represented to Louis Rosen that he had acquired the said two lots from appellant as a commission due him while acting as a broker, and that respondents executed the aforesaid deed to Lydia Fraser and paid to said Robert R. Fraser the said sum of $340 in full consideration for the said two lots deeded to them as aforesaid.

That after appellant had constructive notice of the fact that her agents, the Frasers, had disposed of her said two lots in violation of her instructions, she continued to deal with them with respect to her said two lots and the consideration which she was to receive from the sale of same, and made new and additional demands upon them, from time to time, after she had such notice. That appellant has never received anything from the Frasers, or anyone else, as a consideration for the conveyance of said two lots. That the said Robert R. Fraser was not a licensed broker at any time during the year 1927, nor did H. D. Winger or H. D. Winger Company authorize the said Frasers, or either of them, to act as his or their agent in any transaction concerning appellant or her property. That the said lot conveyed to said Frasers by respondents was thereafter sold under foreclosure and the said Frasers are no longer the owners thereof.

As conclusions of law the court found that said Frasers were the duly authorized agents of appellant, that she gave them evidences of title to, possession of and control over the said two lots and they were entrusted by her with ap-

parent and ostensible authority to sell and convey same. That respondents in good faith received the conveyance of the said two lots and as consideration therefor conveyed the lot aforesaid and paid over the said $340 without notice, actual or constructive, of any fraud on the part of the said Frasers or either of them, and that respondents were innocent purchasers for value of the said two lots deeded to them as aforesaid, and that appellant is estopped from repudiating or canceling the conveyance of said two lots to them.

Appellant contends that respondents could only acquire title to appellant's said lots upon one of two theories, that is to say, that she clothed the said Fraser with apparent ownership or *indicia* of ownership of said property, or upon the theory that said Fraser was the ostensible or apparent agent of appellant. There is no finding that the title to appellant's said property was ever vested in the Frasers or either of them, but the court expressly found that they were the authorized agents of appellant to sell and convey same and for that purpose were given evidences of title to, possession and control over said property.

Where it appears, as it does in this case, that evidence was produced before the court, and none is contained in the record, we must upon this appeal accept the findings as absolutely true and presume that the evidence to sustain them was presented to the court below. (*Shields* v. *Fee Title Co.,* 206 Cal. 789 [276 Pac. 350]; *Dalton* v. *Gore,* 88 Cal. App. 554 [263 Pac. 844]; 2 Cal. Jur. 689, sec. 395.) Therefore *we must* take as true the facts that the Frasers were the authorized agents of appellant and that she entrusted them with the apparent and ostensible authority to sell and convey the said two lots to respondents.

It appears from the findings that appellant placed in the hands of her agent, Robert R. Fraser, a deed, duly executed and acknowledged by her, conveying the said two lots to respondents. Under these circumstances the natural inference would be that her said agent upon the delivery of the deed was authorized to receive the purchase price of said lots. He did upon the delivery of the deed to respondents receive the full purchase price of the lots, partly in cash and the remainder in property. It is true that part of this purchase price was paid in property, namely a certain lot which was deeded to the Frasers, appellant's agents, but this was

done upon representations of said agents that under an agreement between them and appellant this was authorized to be done. It is well settled that when authority of a real estate broker is only to produce a purchaser able and willing to purchase upon the terms prescribed by the seller, he has no authority to receive the purchase price to conclude the sale, but it is equally well settled that the principal is bound not only by the acts which he has actually authorized his agent to perform, but also by those which he has allowed third persons to believe him authorized to do. (*Hicks* v. *Wilson*, 197 Cal. 269 [240 Pac. 289].)

The findings clearly show that both appellant and respondents were innocent, neither being aware that any fraud was being perpetrated by the Frasers. It is a general principle that where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the loser. (Sec. 3543, Civ. Code.) It is said in Meachem on Agency, second edition, volume 1, page 531: "That he who reposed confidence in the wrongdoer must be the sufferer." (*Schultz* v. *McLean*, 93 Cal. 329 [28 Pac. 1053].) In the case of *Shirley* v. *All Night and Day Bank*, 166 Cal. 50 [134 Pac. 1001, 1004], the court used the following language: "In this case plaintiffs and defendants were both innocent. Neither knew that fraud was being practiced; but if that fraud was productive of injury, the injury must result to the plaintiffs, for they placed it in the power of the wrongdoer to perpetrate the fraud. The vendee will not be compelled to lose the benefit of a bargain obtained in all fairness and honesty because a fraud was practiced upon the vendor by their own agent."

Appellant suggests in her brief that the deed to respondents is void for the reason that it was an instrument entirely different from that which she thought she was signing. She cites *Horvath* v. *National Mortgage Co.*, 238 Mich. 354 [56 A. L. R. 578, 213 N. W. 202], in support of this contention. That case is not in point for it was proved that the owner of the land had no intention of executing a deed and that the same was procured by the trickery of the grantee. In the instant case appellant did intend to execute a deed conveying her said property. How or by whom the names of respondents, as grantees in said deed, were concealed from her does not appear. In the case of *Conklin*

v. *Benson*, 159 Cal. 785, 791 [36 L. R. A. (N. S.) 537, 116 Pac. 34, 37], the court, referring to cases holding that under certain circumstances the instruments signed were forgeries, said: "These decisions are not such as to sustain plaintiff's claim in this regard. The distinguishing feature between all such cases and the case at bar is that here plaintiff fully understood and believed she was signing papers which, when delivered, would convey all her interest in the Monache lands. She intended to execute papers having this effect. The difference between the papers she thought she was signing, according to her evidence, and the papers she actually signed, was merely one of detail and in no degree material, one set of papers having precisely the ultimate effect of the other, the conveyance of her interest in this land." And in this same case the court further said: "where the true owner holds out another, or allows him to appear as the owner or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power, which through negligence, or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance." In the case now under consideration appellant, through her negligence, by placing in the hands of her agent her deed duly executed and acknowledged conveying to respondents the said two lots, clothed him with the ostensible power and authority to do that which the court found that he did do, namely, the delivery of said deed to respondents and receiving from them the purchase price thereof. We are of the opinion that the findings support the judgment. In view of the decision we have reached we do not deem it necessary to discuss other matters urged by respondents in support of the judgment.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.