## Diuguid *v.* Bethel African Methodist Episcopal Church of Pittsburgh, Appellant.

Argued April 11, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas L. Kane,* for appellant.

*Thomas E. Barton,* for appellee.

OPINION BY CUNNINGHAM, J., October 2, 1935:

The plaintiff in this action of assumpsit, a painting contractor, sued to recover the sum of $228, with interest, for work done and materials furnished in replastering and painting the basement of the church building of the defendant, under an alleged oral contract with certain of its trustees. The parties agree that they had a prior written contract for painting and decorating certain parts of the building for a consideration of $1,860, which amount has been paid. As to that there is no dispute. Plaintiff, however, contended that while work under the written contract was in progress, he entered into a subsequent oral contract, with the pastor of the defendant church and three of its trustees, to do the above mentioned additional work in the basement of the church for the further sum of $228. His action was based upon this oral contract. The defendant, in its answer, admitted that work was done in the basement, as alleged, but averred it was not done in pursuance of any oral contract; that, on the contrary, all the work which plaintiff did, including that in the basement, was covered by and done under the written contract, and that no oral contract was ever entered into. Neither party, however, was able to produce the original or a copy of the written contract.

At the trial plaintiff adduced testimony, substantially in accord with the averments in his statement of claim and to the effect that he made an oral contract

to do the work in the basement of the church with three of the trustees and the minister. The two surviving trustees and the pastor testified that they made no such contract. It developed there were nine trustees of the church; that the members of the board with whom plaintiff dealt constituted the house or building committee; and that one of the members of this committee was on hand overseeing the work at all times during its progress. The jury returned a verdict in favor of plaintiff for the full amount of his claim; the court below overruled defendant's motions for judgment n. o. v., or a new trial, and entered judgment on the verdict; defendant has appealed.

One of appellant's contentions is that, even if plaintiff's testimony relative to the making of the oral contract be accepted as true, no recovery could be had because only the board of trustees, acting as a body, had authority to make such a contract and plaintiff did not show any delegation of authority to the members with whom he dealt. It is urged by plaintiff, on the other hand, that the averments of the answer, which merely denied the making of the contract, excuse him from proving the agency of the persons with whom he negotiated. Relying upon Zook v. P. R. R. Co. et al., 206 Pa. 603, 56 A. 82, and Katz v. Katz et al., 309 Pa. 115, 163 A. 214, plaintiff argues that, as the authority of the committee of trustees was not raised by the pleadings, their authority was not an issue in the case; in other words, that the answer of defendant, admitting as it did that the work had been done, had the effect of a judicial admission that it was properly authorized and amounted to a waiver of any proof upon that point. We do not agree with this contention. It is settled that " 'the party who seeks to charge a principal for the contracts made by his agent must prove that agent's authority; and it is not for the principal to disprove it. The burden is on the plaintiff' ": Long

et al. v. Lehigh Coal & Nav. Co. of New England, 292 Pa. 164, 170, 140 A. 871; see also Davidsville First National Bank v. St. John's Church, Windber, 296 Pa. 467, 146 A. 102; Paper Mill Supply Co. v. Container Corp. of America, 301 Pa. 62, 151 A. 588; Reifsnyder et al. v. Dougherty, 301 Pa. 328, 152 A. 98. Hence, in proving the contract which he alleged, it was an essential part of plaintiff's case to show that the agents of the defendant with whom he dealt had authority, express, implied or apparent, to make that contract. Under the pleadings, plaintiff had the burden of proving every essential element of the contract upon which he relied.

Therefore, the question here involved is whether there was sufficient evidence to support a finding that the members of the board of trustees with whom plaintiff dealt had authority to enter into, on behalf of defendant, the oral contract upon which the action was based. We are of opinion that the evidence, read in the light most favorable to the plaintiff, as it must be, was sufficient. The testimony shows that the only persons with whom plaintiff dealt were the pastor of the church and the three members of the board of trustees, known as the house or building committee, a designation which implied they had charge of the maintenance of the church building. At all times while the work was in progress, one of the members of this committee was present, watching the plaintiff and overseeing the work. From this testimony it is a reasonable inference that the other trustees left the matter of the repair and decoration of the church building entirely in the hands of the house committee and the pastor. Under these circumstances, plaintiff had a right to infer that these men, members of the governing board of the church, had full authority to make contracts on its behalf relating to the work he was doing. Even if these trustees did not have express authority to do so—and

it was testified that under the by-laws of the church (not offered in evidence) only the board of trustees, acting as a board, could make such a contract—it cannot be said as a matter of law that they did not apparently have such authority. The principles relating to apparent authority are thus stated in the Restatement of the Law of Agency: "A general agent for a disclosed or partially disclosed principal subjects his principal to liability for acts done on his account which usually accompany or are incidental to transactions which he is authorized to conduct if, although they are forbidden by the principal, the other party reasonably believes that the agent is authorized to do them and has no notice that the agent is not so authorized": §161. Again, "...... apparent authority to do an act may be created by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him": §27. In our opinion, the evidence was sufficient to support the conclusion of the jury that the oral contract was entered into by the committee of trustees with apparent authority to make it. The court below correctly said, "there was sufficient evidence on the part of the plaintiff, if believed by the jury, to establish the fact that this contract for extra work was authorized and the work directed to be done by the building committee in charge of the same, and that the building committee was acting within the scope of its authority in the premises."

The assignments are severally overruled.

Judgment affirmed.