**SHAPIRO et al. v. CAPITAL BAKERS, Inc., et al.**

No. 1095.

District Court, M. D. Pennsylvania.

Dec. 3, 1936.

Abram Salsburg, of Wilkes Barre, Pa., for plaintiffs.

McNees, Hollinger & Nurick, of Harrisburg, Pa., for defendant Capital Bakers, Inc.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for defendant Allison-East End Trust Co.

**4**

**WATSON, District Judge.**

The plaintiffs filed a bill in equity, in which they allege, inter alia, that the Capital Bakers, Inc., received from Carl A. Schug, trustee of the estate of Winner-Franck Baking Company, bankrupt, a deed for certain real estate of the bankrupt's estate situate in the Eleventh ward of the city of Williamsport, Lycoming county, Pennsylvania, fully described in the bill, and that the Capital Bakers, Inc., had failed to pay the purchase price of said real estate to the trustee of the bankrupt's estate. The prayer of the bill is for a revocation of the court's order of confirmation of the sale for a decree declaring the deed by Carl A. Schug, trustee, fraudulent, void, and of no effect, and for a decree directing the Capital Bakers, Inc., to reconvey the premises described in said deed to the present trustee of the bankrupt's estate free and clear of all liens and encumbrances. In the answers filed by the defendants many of the facts alleged in the bill are admitted, but the Capital Bakers, Inc., one of the defendants, in its answer averred that it paid to the trustee of the bankrupt estate the full purchase price for the real estate, being the sum of $65,000, the amount which it bid for said real estate at the public sale thereof held in pursuance of an order of this court.

The matter came on for hearing, and, from the evidence, the court finds the following facts:

1. That on February 26, 1931 the Winner-Franck Baking Company was duly adjudicated a bankrupt in the District Court of the United States for the Middle District of Pennsylvania.

2. That, on June 29, 1931, Carl A. Schug was duly elected trustee of the bankrupt estate of said Winner-Franck Baking Company and, after having been duly qualified, served in the capacity of trustee until November 12, 1933, the date of his death.

3. That, on June 30, 1931, upon petition of said Carl A. Schug, the United States Court for the Middle District of Pennsylvania, authorized and empowered the said trustee to employ A. R. Jackson as his attorney in the said bankruptcy proceedings, and that, pursuant to this authority, the said trustee appointed A. R. Jackson as his attorney.

4. That the said attorney, A. R. Jackson, performed many of the administrative duties of the trustee such as employing individuals to aid in operating the bakery of the bankrupt company, receiving and depositing the daily receipts from the operations of the plant, appearing at all meetings before the referee, and making expenditures on blank checks, executed by the trustee, which had been entrusted to him by the trustee.

5. That Carl A. Schug never appeared personally as trustee in the office of the referee in bankruptcy but A. R. Jackson represented him in all instances and at all occasions before the referee.

6. That, on or about June 31, 1931, Carl A. Schug filed a petition with William W. Champion, referee in bankruptcy, for permission to sell the real estate owned by the bankrupt at public sale, free and discharged of all liens; and that notice of this petition was duly mailed to all creditors and rules were duly issued and served on all lien creditors.

7. That objections to the sale were filed on behalf of the plaintiff bondholders, who were secured by a mortgage on the premises, but these objections were subsequently withdrawn, whereupon, in the absence of other objections, the trustee on or about August 10, 1931, was authorized to sell the real estate of said bankrupt free and clear of all liens.

8. That notices of the proposed sale were published and posted according to law, said notices designating A. R. Jackson as attorney for the trustee.

9. That on or about November 28, 1931, the land petitioned to be sold (with buildings, machinery, etc.) was sold at public sale to the Capital City Baking Company of Harrisburg, Pa., at the price or sum of $65,000, being the highest bid for the said property.

10. That after the said sale and on the same date, to wit, November 28, 1931, the Capital City Baking Company paid 10 per cent. of its bid ($6,500) to A. R. Jackson, by a treasurer's check in the amount of $10,000 issued by the treasurer of the Allison-East End Trust Company, payable to the order of Capital City Baking Company, and indorsed in blank by the Capital City Baking Company; $6,500 of this check was in payment of 10 per cent. of the bid for the real estate, and the remaining $3,500 was paid on account of the bid for certain personal property which had been purchased by the said vendee.

11. That, subsequently, Carl A. Schug, the trustee, filed a return of the said sale and a petition for confirmation thereof, and after the sale was confirmed nisi, due notice given to all creditors and parties in interest, including the bondholders, and no objections filed, the District Court on December 23, 1931, ratified and confirmed the sale and decreed that the property "be and remain unto Capital City Baking Company of Harrisburg, Pennsylvania, firm and stable forever, free and clear and discharged of all liens against same."

12. That the Capital City Baking Company was in possession of the property since November 28, 1931, and at no time did it or its successor, Capital Bakers, Inc., receive any protest or objection from Carl A. Schug, the trustee, against its possession or against the method of making payment of the consideration.

13. That, on December 17, 1931, after due and legal corporate action, the name of the corporation, Capital City Baking Company, was changed to Capital Bakers, Inc.

14. That, on January 4, 1932, in the office of A. R. Jackson in Williamsport, the Capital Bakers, Inc., delivered to A. R. Jackson a treasurer's check issued by the Allison-East End Trust Company, of Harrisburg, Pa., in the amount of $58,500, payable to the order of Capital Bakers, Inc., and indorsed in blank by Capital Bakers, Inc., and, at the same time and place, A. R. Jackson had in his possession a deed for the real estate duly executed and acknowledged by the said Carl A. Schug, trustee, which deed was thereupon delivered to Capital Bakers, Inc., and recorded by the said vendee on the said date, January 4, 1932, in the office of the recorder of deeds of Luzerne county, in Deed Book, volume 285, at page 457.

15. That the deed contained the following recital of receipt of consideration: "Now, therefore, know ye, that I, the said Carl A. Schug, Trustee in Bankruptcy of the Estate of the Winner-Franck Baking Company, by virtue of the power and authority vested in me by law, as aforesaid, and in consideration of the sum of $65,000.00, the amount brought at said sale, being the highest and largest amount offered, in hand paid by the said Capital Bakers, Inc., formerly Capital City Baking Co. of Harrisburg, Pa., receipt whereof is hereby acknowledged, do hereby grant, release and convey unto the said the Capital Bakers Inc., formerly Capital City Baking Co. of Harrisburg, Pa., their heirs and assigns, the following real estate."

16. That the said deed recited the steps which had been taken prior and subsequent to sale and further recited that permission had been obtained "to sell and convey the premises thereinafter mentioned, at public sale, free and clear of all liens."

17. That, in addition to the acknowledgment of receipt contained in the deed, Capital Bakers, Inc., received, at the time of final settlement, a receipt executed by "A. R. Jackson, Atty. for the Trustee" evidencing receipt of $58,500 in full payment of Winner-Franck Baking Company real estate.

18. That, on December 18, 1933, following the death of Carl A. Schug, Lewis G. Shapiro was elected trustee of the bankrupt estate of the Winner-Franck Baking Company.

19. That, on January 5, 1932, Capital Bakers, Inc., executed and delivered a mortgage, in the principal sum of $200,000, to the Allison-East End Trust Company, of Harrisburg, Pa., trustee, said mortgage covering, inter alia, the real estate conveyed to the mortgagor by Carl A. Schug, trustee of the bankrupt estate of the Winner-Franck Baking Company. Said mortgage was recorded on said date in the office of the recorder of deeds of Lycoming county, Pa., in Mortgage Book 125, page 539.

20. That the said Allison-East End Trust Company is the trustee under the mortgage for various bondholders who purchased bonds of Capital Bakers, Inc., and whose bonds are secured by the said mortgage. On February 6, 1934, on or about which time this bill in equity was filed, the total amount of the bonded indebtedness secured, inter alia, by this mortgage was $157,000, and the total number of bondholders was about 34, and, at the present time, the total number of bondholders is 34, representing bonds totaling $146,000.

21. That, on or about January 30, 1932, Norman S. Caldwell, Joseph W. Franck, Margaret E. Caldwell Winner, and Lycoming Trust Company, executors of the estate of Daniel P. Winner, deceased, and Ella Fessler, executrix of the estate of Howard G. Fessler, deceased, filed a petition, addressed "to the District Court of the United States for the Middle District of Pennsylvania, W. W. Champion, Ref-

cree", praying that an order be entered directing Carl A. Schug, trustee, to pay unto the Lycoming Trust Company, successor-trustee to the mortgage which had been held as security for their bonds, the sum of $65,000, less certain taxes, costs, and proper expenses, which sum should be distributed to the said petitioners ratably in accordance with the face value of the bonds held by each of them. This petition was signed by all of the petitioners and was sworn to by Norman Caldwell. Paragraph 8 of the petition reads as follows: "8. That following the confirmation of said sale, the Capital City Baking Company did pay unto the said Trustee the said sum of Sixty five Thousand (65,000). Dollars, the purchase price thereof."

22. That on or about February 3, 1932, an answer to the said petition was filed by Carl A. Schug, trustee in bankruptcy of Winner-Franck Baking Company, which, inter alia, admitted the averments contained in paragraph 8 of the petition. This answer was signed and sworn to by Carl A. Schug.

The question is, whether payment to Jackson was payment to Schug, trustee.

■ Jackson was the trustee's attorney. The attorney acted through him in administering the bankrupt's estate, and was, therefore, bound by his acts. In Jackson v. United States (C.C.A.Third Circuit) 72 F.(2d) 764, 765, where the same bankrupt's estate was involved as is involved in the present case, and the same Jackson was attorney for the same trustee, the court had this to say: "Frequently trustees and receivers are not attorneys, but in administering bankrupt estates with the consent and direction of the court they act through attorneys and are bound by their acts."

In Re Howard (D.C.) 130 F. 1004, it was held that money received by the trustee's attorney was in judgment of law received by the trustee.

■■ From the facts as found from the evidence in the case, Jackson had the apparent authority to receive the purchase price for the real estate. "Apparent authority to do an act may be created by * * * any * * * conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." Diuguid v. Bethel Church, 119 Pa.Super. 493, 180 A. 737. The courts have repeatedly held that, when an agent is entrusted with a deed conveying real estate by the vendor, he has implied authority to deliver the deed and receive the purchase money. Smeade v. Rosen, 121 Cal.App. 79, 8 P.(2d) 507; First National Bank of Coos Bay v. Henry, 30 N.D. 324, 152 N.W. 668; Weir v. Washington Trust Co., 263 Pa. 72, 106 A. 88. In the present case, Jackson had possession of the deed which was genuine, and this fact, in itself, was sufficient to justify the purchaser in paying the consideration to him. There is still another fact in the case, which in itself is sufficient to justify the purchaser in paying the consideration to Jackson; that is, that Jackson had in his possession a paper in the nature of a receipt for the purchase price. The deed executed by the trustee contained an acknowledgment of the receipt of the purchase price, $65,000. Baurhenn v. Fidelity & Deposit Co. of Maryland, 114 N.J.Law, 99, 176 A. 137.

This is an unfortunate case, but, if a wrong was committed by Jackson, who was the agent of the trustee, the Capital Bakers, Inc., who acted entirely within its rights and was fully justified in paying the purchase price for the real estate to Jackson, and thereby fulfilled its obligation, should not be the sufferer.

The court makes the following conclusions of law:

(1) A. R. Jackson had legal authority to receive the payment of the purchase price of the real estate from the purchaser, and payment to him was payment to the trustee in bankruptcy.

(2) The Capital Bakers, Inc., paid the full consideration for the real estate; that is, $65,000 to the trustee in bankruptcy.

■ (3) The bondholders, whose bonds are secured, inter alia, by the mortgage from Capital Bakers, Inc., to the Allison-East End Trust Company, trustee, are necessary and indispensable parties to this proceeding, and, in the absence of their joinder, the relief prayed for by the plaintiffs must be denied.

(4) The bill should be dismissed at the cost of the plaintiffs.

Now, December 3, 1936, the bill is dismissed at the cost of the plaintiffs.