Opinion by
 

 Baldrige, J.,
 

 In this action of assumpsit, the plaintiff obtained a verdict in the court below. A motion to enter judgment for defendant n. o. v. was sustained. The plaintiff appealed.
 

 Plaintiff’s claim is based on an alleged oral contract entered into between him and Lloyd Weller, General Superintendent of the American Stores Company in the Scranton district, employing him as manager of defendant’s store in Hyde Park, for a period of one year, beginning June 13, 1936, at a salary of $1,196, payable in installments of $23 per week. The plaintiff was discharged November 7, 1936. He sought to recover his wages
 
 from
 
 that date to March 1, 1937, when he obtained other employment.
 

 The defendant denied the existence of an annual contract and Weller’s authority to bind his principal for that term, and alleged that plaintiff was dismissed because he was short in his accounts.
 

 The jury having found in favor of the plaintiff, we must assume that these parties entered into an annual contract:
 
 Cathcart v. Sears, Roebuck & Co.,
 
 120 Pa. Superior Ct. 531, 183 A. 113. The question, therefore,
 
 *16
 
 before us is whether the plaintiff, upon whom rested the burden of proof, succeeded in establishing Weller’s authority, either impliedly or expressly, to make this contract. There can be no doubt that an agent may bind his principal by entering into a contract, if he acts within the apparent scope of his authority:
 
 Groda v. American Stores
 
 Co., 315 Pa. 484, 173 A. 419;
 
 Payne v. East Liberty Spear
 
 Co., 323 Pa. 100, 185 A. 853.
 

 Leonard had been working for the defendant in different stores for five years, originally as a clerk, later being promoted to assistant manager and then manager. During all this period, he, admittedly, was working under a weekly contract. He testified that it was his custom to attend meetings where other managers and employees were present, but that he never knew of any employee who was not on a weekly basis. It thus clearly appears that the normal practice known to Leonard was confined to employment of clerks and managers by the week. A contract for a further period was, therefore, a substantial departure from the customary course that had been followed. Weller’s apparent authority was limited to making contracts in the usual form and for the usual term. Conduct within the scope of employment includes only acts of the kind authorized within limits of time and space which approximate those created by the authorization: Section 228, Comment (a), Restatement, Agency. It cannot be said that a year approximated the term of the contracts under which Leonard had previously worked. There is no evidence that justified the conclusion that Weller’s authority was unlimited as to the term of employment.
 

 If we adopt appellant’s argument, could Weller have bound his principal for two or more years? Certainly, it could not be concluded from the course of conduct followed by the parties in this case that such authority existed. We think the testimony offered to establish implied authority to make the alleged contract was insufficient.
 

 
 *17
 
 The plaintiff called, as his own witness, Weller, who testified that he did not employ the plaintiff for a year, and that he had no authority to hire him or any other employee for a year’s service, as that was contrary to the policy of the company. This uncontradicted testimony as to the express authority of Weller bound the plaintiff.
 

 In
 
 American Mailing Device Corp. v. Widener et al.,
 
 260 Pa. 375, 103 A. 875, suit was brought upon a contract alleged to have been made by Widener, “through his duly authorized agents and employees,” for the erection of mail chutes in the Widener building. The only testimony offered to show alleged authority to make the contract was that of the architect of the building. The contract did not give him any powers other than those usually given to supervising architects. The lower court entered a compulsory nonsuit, which it subsequently refused to take off, on the ground that the only proof of the architect’s authority was the testimony of the architect himself, who stated that he had no authority to make such a contract. The Supreme Court, in a per curiam opinion, said: “The burden was upon the plaintiff to show that Trumbauer had authority to make the alleged contract with it upon which it has brought suit. It not only failed to do so, but showed affirmatively by Trumbauer himself, whom it called as a witness, that he had no such authority. Judgment affirmed.”
 

 Groda v. American Stores
 
 Co., supra, 315 Pa. 484, 173 A. 419, cited by the appellant, was a suit for malicious prosecution, and involved the authority of the manager to institute the criminal action against the discharged employee of the defendant company. The manager of the store testified that he had consulted the highest authority of the American Stores Company, who instructed him to make the information and that he would stand back of it. The Supreme Court, speaking
 
 *18
 
 through Mr. Justice Maxey, held there was no error in admitting this testimony; that it proved authority to institute the criminal proceeding.
 

 If Weller had testified that he had authority to enter into the contract, then, undoubtedly, the verdict of the jury in this case would have to stand.
 

 The appellant argues that he was not bound by Weller’s answers given on cross-examination, as they were but conclusions or opinions of the witness as to his authority. Whether Weller was authorized by his principal to enter into a contract as here under consideration was a question of fact. “The authority of an agent can always be proven by the agent himself”:
 
 Isaac et al. v. Donegal & Conoy Mutual Fire Ins. Co.,
 
 301 Pa. 351, 354, 152 A. 95.
 

 Nor do we regard the objection to Weller’s testimony, as not being proper cross-examination, well founded. The Supreme Court, in
 
 Conley et al. v. Mervis,
 
 324 Pa. 577, 188 A. 350, held that cross-examination need not be confined to the facts elicited on direct examination, but may embrace new matter; that its scope rests within the trial court’s sound discretion, and a failure to limit properly a cross-examination is not ground for reversal in the absence of apparent injury as a result of the error.
 

 We find no reason to disturb the action of the lower court.
 

 Judgment is affirmed.