Frame *v.* Langoma Lumber Company, Appellant.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edwin J. McDermott,* with him *Samuel Lichtenfeld,* for appellant.

*John M. Kurtz, Jr.,* with him *Griffith, Kurtz & Harvey,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Plaintiff brought this action for the value of certain logs owned by plaintiff and wrongfully taken by defendant and converted to its own use. A jury rendered a verdict for plaintiff and defendant has appealed from the dismissal of its motion for judgment n.o.v.

The logs in question had been cut on the right-of-way of the Pennsylvania Turnpike extension in Chester County which the Pennsylvania Turnpike Commission had acquired by condemnation. The contractor who was clearing the right-of-way had felled the trees and placed some of them on the Turnpike and the remainder on land of owners adjacent to the right-of-way. One of the landowners complained about so storing the lumber, whereupon Robert M. Mutzabaugh, Resident Engineer of the Turnpike Commission, told plaintiff to go in and take the logs from the Turnpike and from the adjoining lands and "get them out of there" and "find a place to put them". Mutzabaugh mentioned to the plaintiff that rather than see the timber burned, someone should take it and saw it because it was merchantable timber. Plaintiff obtained a license from an adjoining landowner to store the logs and paid $25 for the privilege. Thereafter, defendant took the logs, valued at $2,400, and converted them to its own use.

The single question for determination is whether the Resident Engineer, Mr. Mutzabaugh, had authority to contract for the disposal of these logs to the plaintiff. There is no dispute that the Pennsylvania Turnpike Commission owned the trees in question by virtue of its condemnation.

The evidence establishes that Mr. Mutzabaugh was the engineer in charge of supervising the construction of the Turnpike which included the cutting and removal of the standing timber therefrom and the clear-

ing of the right-of-way. On cross examination, Mr. Mutzabaugh testified: "Q. You received no instructions with regard to these particular logs? A. No, sir. Q. Then this conversation you had with Mr. Frame to dispose of the timber was with no express authority other than your own? A. I didn't feel I needed any further authority."

Defendant argues that "The ordinary duties of an agent do not authorize him to sell the property of his principal unless he has express authority to do so"; that since the Resident Engineer stated he did not have express authority, judgment n.o.v. should have been granted by the court below. There is no merit to this contention. It may be that Mr. Mutzabaugh did not have express authority to sell these logs to plaintiff. It is clear, however, that the evidence is sufficient to warrant a finding by the jury that, by virtue of Mr. Mutzabaugh's employment as Resident Engineer, he was in charge of the supervision and construction of the Turnpike which included, inter alia, the cutting and removing of timber growing in the right-of-way and clearing the right-of-way; that he had implied authority to contract for the removal of these logs is clear. Implied authority is "authority to do all that is proper, usual and necessary to the exercise of the authority actually granted." Cf. *Fishman v. Davidson*, 369 Pa. 39, 42, 85 A. 2d 34; *Reifsnyder v. Dougherty*, 301 Pa. 328, 152 A. 98.

Since the Turnpike Commission had no use for this cut timber, it was certainly proper, necessary, and within the scope of the Engineer's authority to dispose of it in any reasonable manner. The court below properly dismissed defendant's motion for judgment n.o.v.

Judgment affirmed.