## Roberts v. Sun Oil Company

*Richter, Lord, Cavanaugh, McCarty & Raynes*, for plaintiffs.

*White & Williams*, for defendants.

SPORKIN, J., September 25, 1968.—This matter comes before the court on a motion of defendant Sun Oil Company (hereinafter Sun) for summary judgment in its favor under Rule of Civil Procedure 1035. After consideration of the record, briefs and oral argument by counsel for the parties, the court is of the opinion that the motion must be refused.

The facts are as follows: The complaint in trespass avers that wife-plaintiff was injured when her husband's car, which she was driving, struck a tree be-

cause of the failure of its brakes, which defendant Teas Service Station (hereinafter "Teas") had negligently repaired and inspected. Defendant, Sun, the complaint avers, controlled and maintained the service station, and defendant Teas was its agent. Defendant Teas filed no answer; defendant Sun answered and denied agency, and subsequently interposed an affidavit of its district manager and took the deposition of Teas designed to establish that Teas was an independent contractor. Its motion for summary judgment is based on the contention that the deposition, affidavit and attached agreements between the two defendants establish conclusively the absence of agency, and that no genuine issue exists as to the absence of defendant Sun's liability.

Rule 1035 is recent, and decisions under it are scarce. On principle the rule is harsh, and where applicable deprives a party in limine of his normal right to a full-scale trial; hence the rule should be strictly interpeted and, as far as possible, all intendments should be taken against the party who invokes it. We find that such is the law in the Federal courts under the almost identical Federal Rule of Civil Procedure 56, which rule goes back more than a score of years and served as the model for our Rule 1035: Poller v. Columbia Broadcasting System, Inc., 368 U. S. 464, 467 (1962); Krieger v. Ownership Corporation, 270 F. 2d 265, 270 (3rd Circuit 1959); Janek v. Celebreeze, 336 F. 2d 828, 834 (3rd Circuit 1964).

With that principle in mind, we proceed to examine the evidence adduced by defendant Sun through deposition, affidavit and exhibits. No doubt can exist that Sun leased the service station to Teas and that Teas put up a sign over his door bearing his name as "Proprietor". On the premises, which Sun owned, Teas sold Sun's gasoline, oil, lubricants, tires, batteries and accessories. Teas testified that he also sold some ac-

cessories bought from sources other than Sun. The lease, and the acompanying dealer's agreement, do not specifically forbid such purchases from others. The rental was 1.65 cents per gallon of gasoline and blending agents, with a specified minimum and maximum. Teas was forbidden to represent himself as being an agent for Sun. Neither contract refers to repairs. However, Sun lent Teas equipment: pumps, tanks, sign, air compressor and lifts, some of which are needed and used in the course of repair work. Teas testified that Sun exercised no control over such repair work; that he, Teas, hired and fired his mechanics, fixed their pay and hours, paid social security and unemployment compensation taxes and supervised their work. Teas maintained his own bank account, held sales tax permits in his own name, and paid no share of profits to Sun.

On the other hand, the agreement between the parties, on its face, does confer certain means of control by Sun over Teas. Sun fixed prices of gasoline, oils and lubricants to be sold by Teas. Teas said he did not always abide by such fixed prices, but that when he did not he violated his agreement with Sun. Credit sales were made upon Sun's instructions, and Sun had the right to enter the station premises and examine records, pumps and tanks to compute rentals due. Therefore, even under the written arrangement Sun did exercise a certain measure of supervision and direction over the service station. Perhaps that measure of supervision and direction was not sufficient to create a full agency, but some area of doubt does exist, and in the opinion of the court, the situation is not so completely clear as Sun and Teas would make it out to be.

However, there is no need for the court to decide the existence or absence of an express agency here, and the court has no intention of so doing. A much

stronger factor exists in plaintiffs' favor than the possibility of an actual agency. That factor or element is the more likely situation of an apparent agency. It is established law that one who places another in such a position that the latter may appear to third persons dealing with the latter to be the agent of the former, becomes liable as principal to such third persons who have changed their position in the belief that an agency existed: Restatement, Agency, 2d 8B, 27; Stirling's Petition, 292 Pa. 104 (1928); Jennings v. Pittsburgh Mercantile Company, 414 Pa. 641 (1964); Pollock Industries, Inc. v. General Steel Castings Corporation, 203 Pa. Superior Ct. 453 (1964); 3 Am. Jur. 2d 475, et seq. The situation thus created has been viewed as giving rise to an estoppel against the apparent principal to deny the agency: Reifsnyder v. Dougherty, 301 Pa. 328 (1930). However, we see no need to regard an agency by estoppel as a category apart from that of an apparent agency.

Defendant Teas' own testimony furnishes ample support for the conclusion that a customer dealing with Teas might well believe him to be an agent for Sun. The dealer's agreement required Teas to keep on all signs and equipment lent to him the "trademarks, name and colors of Company"—meaning Sun. All equipment of Teas himself, when used for storage, advertising or sale of Sun Products, had to be identified with Sun's tradename, presumably "Sunoco", and colors. Teas testified that a "Sunoco" sign supplied by Sun was erected on the corner of the service station; the name "Sunoco" was on the building; the gas pumps had "Sunoco written all over them"; the men employed by Teas wore unforms supplied by Teas, but bearing the legend "Sunoco Customer Service", which Teas said was directed by Sun. If there were any signs at the station which had not been specified by the written agreement, Sun's representa-

tives, who visited the station weekly, certainly saw them, and there is no evidence that Sun ever forbade their use. It is true that Teas had his own name over the door as "Proprietor" but the size and visibility of that sign do not clearly appear from the testimony, and in view of the wealth of "Sunoco" names and colors emblazoned around the station, this court cannot say as a matter of law or fact that a woman bringing a car in for inspection and repairs was not justified in believing that she was relying on the responsibility of a great oil company and not merely on the reliability of the lone individual operating the service station.

In any event, our Federal courts have said that a motion for summary judgment does not call for an actual trial of the points in issue; it requires merely a determination whether or not a genuine issue exists as to any material fact: Janek v. Celebrezze, supra. Hence it is not for this court to decide now the ultimate question of whether or not there was an actual or apparent authority; all that this court need do is to determine whether or not the record shows a genuine question on that score to be decided later when the case is tried.

The court concludes that a genuine question as to legal agency does exist in this case, and that such question cannot properly be resolved in summary fashion. Hence we enter the following:

ORDER

And now, to wit, September 25, 1968, the motion of defendant Sun Oil Company for a summary judgment under R. C. P. 1035 is denied.