Florence R. CRUMLISH, Plaintiff Below, Appellant,

v.

Henry T. PRICE et al., Defendants and Third-Party Plaintiffs Below, Appellees,

v.

Joseph A. L. ERRIGO et al., Third-Party Defendants Below, Third-Party Appellees.

Supreme Court of Delaware.

April 24, 1970.

James P. D'Angelo, Wilmington, for plaintiff below, appellant.

Aubrey B. Lank, of Theisen, Lank & Kelleher, Wilmington, for defendants and third-party plaintiffs below, appellees.

WOLCOTT, C. J., CAREY, J., and BIFFERATO, Judge, sitting.

BIFFERATO, Judge.

This case comes to this Court on appeal from the Court of Chancery in an action for specific performance of a contract entered into by the plaintiff and the State Highway Department. On December 17, 1963, plaintiff granted to the State a one year option to purchase plaintiff's property located at 906 Delaware Avenue, Wilmington, Delaware. In January, 1964, the option was exercised and settlement of the transaction was had in the office of the attorney for the Department on March 20, 1964. Joseph A. L. Errigo, the third-party defendant, appeared at settlement purporting to represent the plaintiff. He delivered a deed, purportedly executed by the plaintiff, signed the settlement sheets as her attorney, and accepted payment of the purchase price, less a withholding, in the form of a check made payable to "Joseph A. L. Errigo, attorney for F. R. Crumlish, widow." The balance of the purchase price was subsequently paid to Errigo by a check drawn in the same form. The proceeds of both checks were converted by Errigo to his own use.

Plaintiff makes two claims:

(1) That she did not sign the deed which Errigo delivered to the Department, and (2) that in any event, Errigo had no authority to appear for her at the settlement, deliver the deed, and accept payment of the purchase price.

The first question requires a factual determination of whether the plaintiff signed the deed. The testimony of the handwriting expert, the candid testimony of the defendant, Mr. Errigo, and the relationship of the parties, support the Vice Chancellor's finding that the plaintiff did in fact sign the deed. Where a finding of the Court of Chancery is supported by the record and is the product of an orderly deductive process, we will accept it. Lank v. Steiner, Del.Supr., 224 A.2d 242 (1966); Re Delaware Racing Association, 42 Del. Ch. 406, 213 A.2d 203. Because most of the evidence on this issue took the form of oral testimony, the Vice Chancellor, who heard the testimony, and observed the witnesses, was in a much better position to judge their credibility than we are at this time. We have examined the evidence and find that it does support the Vice Chancellor's finding on this issue.

Plaintiff's second contention is that Errigo had no authority to represent her at settlement, deliver the deed and accept payment on her behalf.

The Vice Chancellor found it unnecessary to decide whether he in fact had actual authority but held that he did have apparent authority to represent plaintiff at settlement, deliver the deed and accept payment.

It is generally held that where an agent has been entrusted with an instrument in exchange for which a consideration is to be paid, he has apparent authority to deliver the instrument and receive the consideration. Shapiro v. Capital Bakers, 17 F.Supp. 3 (1936); Wier v. Washington Trust Co., 263 Pa. 72, 106 A. 88 (1919); Smeade v. Rosen, 121 Cal.App. 79, 8 P.2d 507 (1932); Smith v. Keating, 52 Wash.2d 391, 326 P.2d 60 (1958); Vetesnik v. Magull, 347 Ill. 611, 180 N.E. 390 (1932); Baurhenn v. Fidelity & Deposit Co. of Maryland, 114 N.J.L. 99, 176 A.2d 137 (1935).

A principal is bound by an agent's apparent authority which he know-

ingly permits the agent to assume of which he holds the agent out as possessing. Baurhenn v. Fidelity & Deposit Co. of Maryland, supra. That such authority existed is indicated by all negotiations including the settlement. It is not disputed that Errigo represented the plaintiff in all negotiations prior to settlement including the condemnation suit filed in Superior Court or that he had authority to do so. It is admitted that he negotiated the settlement of the condemnation action. It is also admitted that the plaintiff signed the option agreement which resulted in the settlement now under dispute. The plaintiff permitted the State Highway Department to believe that Errigo had full authority to act for her in all matters relating to the sale of the subject property. The Chancellor found that plaintiff signed the deed and we affirm that holding. For what other reason would Errigo have a deed endorsed by the plaintiff than to appear at settlement and complete the transaction by delivering the deed and accepting payment? See Smith v. Keating, supra.

██ The fact that the check received in payment was made payable to "Joseph A. L. Errigo, attorney F. R. Crumlish, widow" is without legal significance. The payment could just as well have been made in cash.

██ Situations such as this are unfortunate but where the choice as to which of two innocent parties must bear the loss, that burden must fall on the party but for whose conduct the problem would have never arisen. In this case, Errigo as the agent of the plaintiff, had apparent authority to accept payment in her behalf. The defendant acted reasonably in making payment and therefore the loss must fall on the plaintiff.

In concluding, the Court would like to take this opportunity to comment on the wisdom of the State Highway Department's policy of making checks payable to the attorney representing the property owner. Although we stated that this fact was without legal significance in the present case, the wisdom of such a policy is doubtful. It is unfortunate but, nonetheless, a fact that attorneys, and other agents as well, sometimes attempt to make unlawful profits at the expense of those they represent. By making payment directly to the agent, the Department places the principal in a position of unwarranted risk. This does not mean that the principal need appear at every settlement. It means only that such checks ought to be made payable either jointly to the agent and principal or to the principal exclusively. Such a practice would certainly not be a panacea to all attempts to defraud innocent principals; however, it would make such wrongdoing more difficult.

The judgment below is affirmed.