## Goldstein, Appellant, *v.* Carillon Hotel of Miami Beach.

Argued November 30, 1966. Before BELL, C.J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

Judgment reversed and case remanded to court below.

*Robert C. Daniels*, with him *Freedman, Borowsky & Lorry*, for appellants.

*Harry R. Mayer,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967: On or about January 18, 1964, wife-appellant was a guest in a hotel operated by appellee in Miami Beach, Florida. She sustained personal injuries as the result of a fall which occurred while she was showering in the bathroom of the room in which she was registered. She and husband-appellant commenced an action of trespass against appellee to recover damages suffered as a result of the fall.

The action was commenced by writ of summons on March 11, 1964, and service was made by serving an employee of appellee at an office maintained by appellee in the Bellevue-Stratford Hotel in Philadelphia. This employee was the party admittedly in charge of the Bellevue-Stratford office of appellee. Subsequently, in December of 1964, a complaint in trespass was filed and served in the same manner as was the writ of summons.

Appellee filed preliminary objections in the nature of (a) a petition raising a question of jurisdiction over the person; (b) a motion to dismiss because of improper venue and forum non conveniens, and (c) a demurrer.

The court below sustained appellee's position relative to jurisdiction and dismissed the complaint. It did not, however, rule on any of the other preliminary objections on the merits, but entered an order dismissing them as moot, in view of the decision on the jurisdiction question. Appellant has appealed the order of the court below dismissing the complaint.

Appellee is a partnership consisting of two individuals and a Florida Corporation. Pa. R.C.P. 2131(a), provides that: "Service of process upon a partner or a registered agent of a partnership, or upon the manager, clerk or other person for the time being in charge of any regular place of business of a partnership shall

be deemed service upon the partnership and upon each partner individually named in the action, provided the person served is not a plaintiff in the action." As hereinbefore stated, service was concededly made on the person in charge of the Bellevue-Stratford office of appellee, and the validity of that service is, therefore, dependent upon whether appellee's Bellevue-Stratford office constitutes a "regular place of business" of the partnership.

Appellants served interrogatories on appellee for the purpose of determining the nature of the operation conducted by appellee with specific reference to the operation of its Bellevue-Stratford office. The answers to these interrogatories disclose that appellee has maintained an office under a lease with the Bellevue-Stratford Hotel for at least seven years, and that this office is staffed by two employees of appellee, one of whom has been employed there for approximately seven years and the other for approximately three years. Appellee's Miami office informs the Philadelphia office of available space, and the Philadelphia employees are empowered, on proper application, to issue confirmed reservations if space is available. The individual partners are both residents of Florida and the Corporation, which is a partner in the enterprise, is a Florida Corporation. The partnership entity is not registered to do business within the City of Philadelphia or the Commonwealth. One of the individual partners comes to Philadelphia approximately twice a year, ostensibly to oversee or direct the operations of the Philadelphia office. The employees of the Philadelphia office are paid by checks drawn on a Miami Beach, Florida, bank, and appellee maintains no bank account anywhere in the City of Philadelphia or the Commonwealth. Neither of the employees of the Philadelphia office is authorized to write checks or draw money from any account maintained by appellee. Bills for the operating expenses

of the Bellevue-Stratford office are received at appellee's hotel in Miami Beach, Florida, and are paid by checks drawn and sent from there. Supplies, such as stationery, reservation forms, brochures, etc., used by the Philadelphia office, as well as any advertising material, are prepared in Miami and forwarded to Philadelphia for use there in the Bellevue-Stratford office. Appellee neither operates nor is connected with any entity operating or conducting a place of business for the housing of guests in the City of Philadelphia or the Commonwealth of Pennsylvania.

Appellee's position is that the operation of its Bellevue-Stratford office does not constitute doing business in Pennsylvania and that, consequently, it is not amenable to service of process in Pennsylvania. The court below agreed with this position, basing its ruling primarily on *Kaffenberger v. Kremer*, 63 F. Supp. 924 (E.D. Pa., 1945). That case, as the case at bar, involved service of process on a partnership. Since *Kaffenberger*, however, this Court has several times considered problems concerning the service of process on business entities and what constitutes doing business in the Commonwealth. In most instances, the doing business question arises in connection with foreign corporations not registered to do business in Pennsylvania. The matters to be considered in determining whether an entity is doing business in the Commonwealth are the same, however, whether the entity be a corporation or a partnership.

Most recently, in *Miller v. Kiamesha-Concord, Inc.*, 420 Pa. 604, 218 A. 2d 309 (1966), we entered into a discussion of a problem in many respects similar to the problem presented by the case at bar. The *Miller* case involved the attempted service on a foreign corporation by serving an individual in Philadelphia. There, as here, the matters which gave rise to the cause of action occurred outside of Pennsylvania. The *Miller* case

also involved a hotel, and the individual upon whom service was made served the hotel in a reservations capacity.

In *Miller,* we held that the person served with process was not an agent or employee of the corporate defendant, but was, rather, an individual contractor. We further held that in view of the fact that the Philadelphia resident had no power to bind the corporation, the corporation was not doing business in Pennsylvania, despite the most recent amendment to the Business Corporation Law (Act of Aug. 13, 1963, P.L. 703, 15 P.S. §2852-1011C), which amendment expressed a legislative intention to expand the definition of doing business for the purpose of determining jurisdiction in Pennsylvania courts.

The instant case differs from the *Miller* case in two important particulars. First, it must be noted that the persons in charge of appellee's Philadelphia office are not independent contractors but are employees of appellee whose compensation, so far as the record discloses, is on a salary basis. Secondly, unlike the situation in *Miller,* where the defendant's representative had no power to bind the corporate defendant, appellee's Philadelphia employees are empowered to issue confirmed reservations where they have determined that space is available, after reference to the information sent them routinely from Miami Beach.

In that respect, this case bears a close resemblance to *Giuliano v. Alitalia Airlines, Inc.,* 218 F. Supp. 78 (1963), the language of which was extensively discussed in our decision in *Miller.*

We conclude that the activities of the appellee in Pennsylvania are sufficient in quantity and quality to constitute a doing of business in Pennsylvania and that appellee's Philadelphia office constitutes a regular place of business of the appellee partnership. It follows, therefore, that service on the person for the time

being in charge of that regular place of business is good service on the partnership entity. The order of the court below must, therefore, be reversed and the case remanded for further proceedings. In view of our holding, the preliminary objections which were dismissed below as moot must now be decided. Since they were not passed on below, we will not decide them here, but will direct that the court below reinstate the complaint in trespass and proceed to a consideration of the other preliminary objections on their merits.

Judgment reversed and case remanded to the court below for further proceedings consistent herewith.

Mr. Justice COHEN took no part in the consideration or decision of this case.