**Butler Manufacturing Company v.
William Spencer Erwin Associates, Inc.**

*Power, Bowen & Valimont,* for plaintiff.

*Dean & McCoy, William B. Koch* and *Ward F. Clark,* for defendants.

GARB, J., May 24, 1972.—This matter is before the court on the preliminary objections of Trenton Engineering Company (hereinafter referred to as Trenton Engineering), which objections are directed to the complaint of the original defendant, William Spencer Erwin Associates, attempting to join Trenton Engineering as an additional defendant, as in the nature of a petition raising the question of jurisdiction. Various other preliminary objections had likewise been filed by Trenton Engineering which previously have been disposed of by opinion of this court and which are not relevant hereto. Depositions have been taken and we herein decide this preliminary objection favorably to Trenton Engineering.

The complaint in this matter was filed in October 1970, and the complaint joining Trenton Engineering as an additional defendant filed on December 18, 1970. Trenton Engineering is a corporation organized and existing under the laws of the State of New Jersey, having been incorporated in December 1968, and is not registered to do business within the Commonwealth of Pennsylvania. Joinder is attempted under and pursuant to the provisions of the Business Corporation Law of the Commonwealth of Pennsylvania, as more particularly contained in the amendment thereto of July 20, 1968, (No. 216), sec. 54, 15 PS §2011, which became effective on August 20, 1968. The complaint which attempts joinder identifies additional defendant only as Trenton Engineering Company, without any further description of the type of entity additional defendant is. However, defendant argues that its right to jurisdiction over additional defendant is based upon

the so-called long-arm statute applicable to foreign business corporations as set forth in the foregoing Act of Assembly.

The relevant portions of the foregoing Act of Assembly provide as follows:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth . . .

"C. For the purpose of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."

The complaint alleges that plaintiff contracted with original defendant for the purpose of certain engineering services relating to a certain tract of land in New Jersey upon which plaintiff intended to construct a building. The alleged negligence in such engineering services of defendant constitutes the gravamen of plaintiff's cause of action. The complaint of defendant, attempting to join additional defendant, alleges that defendant contracted with additional defendant for certain engineering services relating to the same property pursuant to defendant's contract with plain-

tiff. Thus, it is clear that the events or occurrences from which this cause of action arose did not take place in the Commonwealth of Pennsylvania and jurisdiction cannot be based upon the primary cause of action.

The depositions reveal that additional defendant had previously been a partnership and that all but one of the former partners are officers and shareholders of the present corporation. Both the corporation and the previous partnership are located in Trenton, N. J. The corporation is not authorized to do business in Pennsylvania, maintains no Pennsylvania telephones and has no Pennsylvania office. Since the incorporation, the corporation has had one contact in Pennsylvania; that contact involved certain dealings or conversation with a Mr. Erb, sometime in 1970 or 1971, relating to a certain tract of land owned by Mr. Erb in Lower Makefield Township, Bucks County, Pa., which he had previously subdivided. The president of plaintiff corporation visited and inspected the tract with Erb and discussed it with him. No more was done and a bill for services was not rendered. Based upon that one contact and notwithstanding the fact that the president of additional defendant holds a Pennsylvania engineer's registration, we are satisfied that sufficient contacts have not been established upon which to found jurisdiction in this court.

The depositions reveal that there were several contacts by the former partnership in Pennsylvania from 1921 until the date of incorporation in 1968. These included a contact in March 1921, in January 1947, some preliminary work for Erb in 1939 or 1940, and some work for a Mr. Stryker in 1957. There is also some evidence of some work done in 1951.

Without deciding whether the combination of all of these contacts prior to the incorporation of additional defendant would be sufficient to impose jurisdic-

tion, as urged by defendant, we are satisfied that those contacts on behalf of the partnership cannot be considered in determining that the present additional defendant is doing business in Pennsylvania as that term is defined by the Act of Assembly. Clearly, the long-arm statute applicable to foreign corporations not registered to do business within the Commonwealth cannot be applied to the partnership.[1] There are no similar provisions in any other Act of Assembly, to our knowledge, applicable to partnerships which would impose jurisdiction in this court. Although there is obviously a close similarity between the persons engaged in the present corporate endeavor and those engaged previously in the partnership, it is clear that at least one of the former partners is not now engaged in the present corporation. In any event, the act of incorporation created a new entity and it is only by virtue of the creation of this new entity that defendant can purport to be able to found jurisdiction over this entity in Pennsylvania. Defendant, as opposed to piercing the corporate veil, would purport to clothe the former partnership with the corporate raiment of the present corporation. We know of no basis whereby he may do so. Defendant founds its argument in favor of jurisdiction on the fortuitous event of additional defendant having incorporated in 1968, and attempts to pull itself up by its own bootstraps by then relating that fact of incorporation back to other activities of the partnership prior to the time of incorporation. This, we believe, it may not do.

---

1. Although the test of "doing business" is the same for partnerships and corporations, it is applied to partnerships only for the purpose of determining whether good service was made on an agent of the partnership, and not for purposes of substituted service. See Goldstein v. Carillon Hotel, 424 Pa. 337 (1967).

We have previously set forth the law with regard to jurisdiction over foreign nonregistered corporations in Universal Film Exchanges, Inc. v. Budco, Inc., 44 D. & C. 2d 695, 18 Bucks Co. L. Rep. 19, (1968). Therein, we held that foreign corporations are not immune from the process of local courts if they carry on business in the State in such a sense as to manifest their presence within the State. Whether a corporation is doing business in a jurisdiction is a matter of fact to be resolved on an ad hoc or case by case basis and not by application of any mechanical rule: Wenzel v. Morris Distributing Company, Inc., 439 Pa. 364 (1970).

The dogma regarding the jurisdiction of our courts over foreign nonregistered corporations was explicated at length in Nettis v. Di Lido Hotel, 215 Pa. Superior Ct. 284 (1969). Therein, it was held that the various circumstances found in each case make it difficult to establish any well-defined formula for determining what constitutes the "doing of business" by a foreign corporation so as to subject it to a particular jurisdiction. Each case must be decided on its own facts. The trend, however, has been toward a wider assertion of power over nonresident corporations than was considered permissible in Pennsylvania under the "solicitation plus" tradition found in Shambe v. Delaware & Hudson Railroad Company, 288 Pa. 240 (1927), and Lutz v. Foster & Kester Co., Inc., et al., 367 Pa. 125 (1951), both of which were cited in our opinion in Universal Film Exchanges, Inc. v. Budco, Inc., supra. However, despite the tendency to liberalize State authority over the activities of a foreign corporation, there is still the limitation provided by the due process clause of the fourteenth amendment of the United States Constitution. The court in Nettis v. Di Lido Hotel, supra, quoted at length from International Shoe Company v. State of Washington, 326 US 310, 90 L. ed. 95 (1945), as follows:

" '. . . It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less . . . Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations . . .

" 'But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.' "

Therefore, taking its lesson from International Shoe Company v. State of Washington, supra, the court in Nettis v. Di Lido Hotel, supra, held that the important words are "contacts, ties, or relations" with the forum State. These words necessarily relate to the quality and nature of a foreign corporation's activity within the forum State, a quality and nature which must establish such contact with the State that makes it fair and reasonable for the corporation to answer for its obligations within the State: Nettis v. Di Lido Hotel, supra. See also Miller v. Kiamesha-Concord, Inc., 420 Pa. 604 (1966). Therefore, the requirement for State

jurisdiction over foreign corporations is that the act or acts of the corporation have a substantial connection with the State of the forum: Nettis v. Di Lido Hotel, supra.

We are satisfied that the record before us is insufficient to show that additional defendant, through its employes, was pursuing activities in the Commonwealth which redounded to its benefit and gave rise to certain obligations to the persons with whom it dealt in this Commonwealth. The purpose of these provisions of the Business Corporation Law is to bring foreign corporations doing business in this Commonwealth within the reach of legal process for the protection of those with whom such corporations do business or to whom they may incur liabilities by their wrongful act: Wenzel v. Morris Distributing Company, Inc., supra. Considering that the transactions out of which this case arose occurred outside of the Commonwealth and the fact that there is only one palpable contact by this corporation within the Commonwealth which did not, in fact, ripen into a business transaction, and for which no fee was charged or paid, we are satisfied that this court is lacking in jurisdiction over the additional defendant. Therefore, we enter the following

### ORDER

And now, to wit, May 24, 1972, it is hereby ordered, directed and decreed that the preliminary objection of the additional defendant, Trenton Engineering Company, as in the nature of a petition raising the question of jurisdiction, is hereby sustained and the complaint by defendant against said additional defendant is hereby dismissed.