John LOYLE and Donna Tarantino–Loyle, h/w, Appellants

v.

The HERTZ CORPORATION, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 3, 2007.

Filed Dec. 28, 2007.

Phillip G. Curtin, Berwyn, for appellants.

Michael R. Logue, Philadelphia, for appellee.

BEFORE: DANIELS, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY DANIELS, J.:

### *INTRODUCTION*

¶ 1 This is an appeal from the lower court's Order of March 5, 2007, which granted summary judgment in favor of Appellee, The Hertz Corporation (hereinafter "Hertz"), defendant below, based upon Hertz's assertions that it was not the appropriate defendant in the subject action; for, as Hertz asserted in its summary judgment motion, Appellants contracted for the lease of the vehicle in question with Hertz Canada, Ltd. (Hertz Canada), a separate and distinct entity from Hertz and, therefore, Hertz Canada was the appropriate defendant in the case, and not Hertz. The lower court ruled in favor of Hertz based on such assertions. We reverse the grant of summary judgment in favor of Hertz for the following reasons.

### *FACTS AND PROCEDURAL BACKGROUND*

¶ 2 During December of 2000, Appellant, John Loyle, made a reservation, *by a telephone call to Hertz,* to rent a car in connection with a business trip, which he had to take from Philadelphia to Toronto, Canada. At the time that said Appellant made this telephone reservation, he was a citizen and resident of Pennsylvania, residing at 1050 Countess Drive, Yardley, in Bucks County, Pennsylvania. Subsequently, Appellant traveled to Toronto, Canada and picked up the rental car, which he had reserved by telephone, at the Hertz location at the Toronto, Canada airport location, without incident.

¶ 3 Appellant completed his business in Toronto and then returned the car in question to the same location at the Toronto, Canada airport from which he had originally obtained the rental car, again without incident. Thereafter, both Appellants proceeded to the airport proper to await the boarding of their return flight to Philadelphia on a U.S. Airways flight. However, while awaiting that flight's departure, Appellant was approached by armed regional police officers, taken into custody, subjected to both strip and cavity searches, and questioned for four hours regarding his alleged possession of a loaded handgun, which Hertz's cleaning personnel at the Toronto airport location had found in that leased car while cleaning the car that Appellant had rented from Hertz, after Appellant had returned the car to Hertz's airport location in Toronto, Canada.

¶ 4 Appellant asserts that the gun in question was not his, but was most likely left in the rental car by a previous renter and overlooked by Hertz personnel who readied the car for Appellant's rental. Along with his wife, Appellant sued Hertz, asserting a number of claims in tort: (1) failure to inspect the vehicle after the previous renter had returned it to Hertz and/or before it was rented to Appellant; (2) failure to train and/or supervise inspection personnel; (3) failure to follow company policy on handling cars after they are returned and before they are rented out again; (4) failure to act with due care such that Appellant was endangered by the presence of the loaded gun in his car; and (5) failure to use due care under all of the

circumstances.[1] As a result of this incident, Appellant alleges that he has been diagnosed with post-traumatic stress disorder (PTSD), and Appellant claims emotional distress, humiliation, nervousness, sleep loss, and chronic anxiety.

¶ 5 Hertz, after the lower court denied its preliminary objections, filed an Answer to Appellants' complaint in the court below, and then, on October 30, 2006, filed a motion for summary judgment in which it asserted that since the rental contract was perfected in Canada and that all of the conduct at issue took place in Canada, the proper defendant should have been Hertz Canada, Ltd., which entity, Hertz alleged, was a separate and distinct corporate entity from itself. Hertz also alleged that all it had done was to take the reservation by phone, and that Appellant had neither pleaded nor established that an agency relationship existed between itself (Hertz) and Hertz Canada. Hertz further contended that it, therefore, could not be held liable for the actions of Hertz Canada. The lower court agreed and granted summary judgment in favor of Hertz. This appeal followed.

### QUESTIONS PRESENTED ON APPEAL

1. In its motion for summary judgment, did [Hertz] violate the **Nanty–Glo** rule by relying exclusively upon [the affidavits of its employees]?

2. Is [Hertz] liable for the torts of [Hertz Canada] under an ostensible

---

1. These claims differ from allegations based upon "negligent identification" where an individual identifies an individual as a perpetrator of a crime and where such identification turns out to be incorrect or mistaken and the claimed "injury" is the erroneous arrest itself. Because it is generally recognized that to allow recovery in such contexts would have a substantial chilling effect upon the willingness of citizens to come forward with information relevant to criminal investigations, "negligent identification" has not been recognized as a cause of action in Pennsylvania. *Davis v. Equibank,* 412 Pa.Super. 390, 603 A.2d 637 (1992).

agency theory? [2]

3. Did [Appellant] pursue an agency theory in the pleadings, [in its] answer to [Hertz's] preliminary objections, and throughout discovery?

Appellant's Brief, p. 4.[3]

## DISCUSSION

¶ 6 The Supreme Court of Pennsylvania has set forth our following standard of review in connection with the grant of motions for summary judgment by a lower court:

An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. As the issue as to whether there are no genuine issues as to any material fact presents a question of law, our standard of review is de novo; thus, we need not defer to the determinations made by the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.

*Fine v. Checcio,* 582 Pa. 253, 265, n. 3, 870 A.2d 850, 857, n. 3 (2005) (citations omitted).

 ¶ 7 We address Appellants' Questions Presented on Appeal in reverse order, since the question as to whether Appellants' complaint sufficiently raised the issue of apparent authority in their pleadings must necessarily be resolved by us, prior to our determination of the question of whether or not the lower court correctly

decided this issue on its merits. The lower court concluded that Appellants' complaint had not sufficiently alleged the issue of apparent authority as "[n]owhere in the Complaint is it alleged that Hertz Canada is an agent of [Hertz], nor is it alleged anywhere in the Complaint that Hertz Canada's tortious actions fell within the scope of said agency authority, or alternatively, was ratified by [Hertz]." Lower Court Opinion, 5/4/07, p. 4.

¶ 8 In that regard, the lower court relied upon *Ettinger v. Triangle–Pacific Corp.,* 799 A.2d 95 (Pa.Super.2002), as follows:

While it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.

*Ettinger,* 799 A.2d at 109.

¶ 9 The lower court concluded that since Appellants had failed to plead and prove that an agency relationship existed between Hertz and Hertz Canada, there was no basis upon which Appellants could prove that Hertz was negligent, as the actions alleged in the Complaint were actions performed by Hertz Canada, and not by Hertz. Lower Court Opinion, 5/4/07, p. 4.

---

**2.** This doctrine is variously referred to as "ostensible agency," "agency by estoppel," or "apparent authority." The bulk of case law favors "apparent authority," so this opinion will do the same.

**3.** While Questions # 1 and 2 of Appellants' Questions Presented on Appeal do not appear specifically in their 1925(b) analysis, the statement does contain the following: "[a]ppellant is requesting that the issues argued in [Appellants'] Response to [Hertz's] Motion for Sum-

mary Judgment ... be addressed." Appellants' 1925(b) Statement, 4/18/07, p. 1. We have reviewed "Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" and conclude that these issues were not waived because they were properly presented to the lower court during the course of the litigation prior to this appeal. *See Gilmore ex rel. Gilmore v. Dondero,* 399 Pa.Super. 599, 582 A.2d 1106 (1990).

¶ 10 Appellants counter with the assertion that their complaint did, indeed, recite a sufficient assertion of an agency relationship between Hertz and Hertz Canada, by referencing the following allegations:

> 2. Defendant The Hertz Corp. at all times material to the complaint was a car rental company doing business in Pennsylvania, with its headquarters located at 225 Brae Boulevard, Park Ridge, New Jersey. *Defendant also does business* in *Canada* as The *Hertz Corp.*
>
> 20. *Defendant Hertz, through its employees, servants and agents was negligent,* careless and/or reckless....

Appellants' Complaint, 1/20/04, pp. 1, 5 (Paragraphs 2, 20) (emphasis added).

¶ 11 Appellants additionally assert (1) that Hertz did not file any preliminary objections alleging the lack of specificity of the allegations in the pleadings and, thus, waived any such argument, and (2) that, in Appellants' words, "the law is clear that a plaintiff need not identify the specific legal theory underlying the complaint. Rather, the plaintiff ... is to allege facts that may entitle him to recover on any theory. It is the duty of the court to discover from the facts alleged in a complaint the legal theories and causes of action." Appellant's Brief, pp. 18–19.

¶ 12 We have reviewed Appellants' Complaint and conclude that it alleges sufficient facts and information to form the basis for a claim of ostensible or apparent agency of Hertz. Although the Complaint does not name Hertz Canada specifically, the paragraphs quoted above, in which Appellants allege that Hertz "does business in Canada as the Hertz Corp.", and also that Hertz's "employees, servants and **agents**" (emphasis added) were the personnel directly responsible for the alleged tortious conduct, combine to satisfy both requirements of the test set forth in *Et-*

*tinger,* as referenced above. Thus, this assignment of error, Appellants' third, has merit and, therefore, we shall address Appellants' second assignment of error, which challenges the lower court's determination that the facts and circumstances of this case do not require an application of the doctrine of apparent authority.

■ ¶ 13 The lower court granted summary judgment in favor of Hertz because, in its view, even beyond the issue of the insufficiency of the pleadings, Appellants failed to allege sufficient facts as to the existence of an agency relationship between Hertz and Hertz Canada. Lower Court Opinion, 5/4/07, p. 5. As this is an issue essential to Appellants' claim, and one on which Appellants bear the burden of proof, their alleged failure to assert sufficient facts led to the lower court's determination that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Lower Court Opinion, 5/4/07, p. 5 (citing *Keystone Aerial Surveys, Inc. v. Pa. Prop. & Cas. Ins. Guar. Ass'n,* 777 A.2d 84 (Pa.Super.2001)).

¶ 14 Appellants contend otherwise and assert that the facts in this case fall within at least one of the three *respondeat superior* theories by which a business entity may be held liable for the tortious conduct of another related business entity. These include: (1) the "alter ego" theory, (2) the "participation" theory, and (3) the "apparent authority" theory. Appellants' Brief, pp. 11–12. Appellants rely particularly upon the theory of apparent authority, as espoused by the Supreme Court of Pennsylvania in the vintage case of *Reifsnyder v. Dougherty,* 301 Pa. 328, 152 A. 98 (1930), wherein the following was stated, *inter alia:*

> The liability of a principal to third parties for the acts of an agent may rest on

the following grounds: ... apparent authority, as where the principal holds one out as agent *by words* or *conduct.*

*Reifsnyder,* 301 Pa. at 333, 152 A. at 100 (Emphasis Added).

¶ 15 Similarly, in *Joyner v. Harleysville Ins. Co.,* 393 Pa.Super. 386, 574 A.2d 664 (1990), this Court held that "[a]pparent authority exists where a principal, by words or conduct, leads people with whom the alleged agent deals to believe that the principal has granted the agent the authority he or she purports to exercise." *Joyner,* 574 A.2d at 667. Moreover, "[a] third party can rely on [the] apparent authority of [an] agent when this is a reasonable interpretation of the manifestations of [the] principal." *Bolus v. United Penn Bank,* 363 Pa.Super. 247, 525 A.2d 1215, 1222 (1987).

¶ 16 Here, the lower court rejected Appellants' assertion of apparent authority based upon the following rationale:

> [T]he fact that [Hertz] made an oral contract with Appellant on the phone does not change the fact that the tortious conduct alleged was committed by Hertz Canada. Appellants do not allege that the negligent conduct was a result of Appellants' oral contract entered into with [Hertz]. Therefore, after the closing of all pleadings and discovery, no genuine issues of material fact existed as to whether [Hertz] owed a duty to Appellants or breached the same.

Lower Court Opinion, 5/4/07, pp. 5–6.

¶ 17 We find the lower court's observations in that regard to be somewhat misguided and not in consonance with existing appellate authority in Pennsylvania. *See Goldstein v. Carillon Hotel of Miami Beach,* 424 Pa. 337, 227 A.2d 646 (1967) ("[A]ppellee's Philadelphia employees are empowered to issue confirmed reservations ... We conclude that the activities of the [A]ppellee in Pennsylvania are suffi-

cient in quantity and quality to constitute a doing of business in Pennsylvania ... "). Appellants urge that the doctrine of apparent authority is available to plaintiffs who sue franchisors or parent corporations for tortious conduct committed by franchisees or wholly-owned foreign subsidiaries that use the franchisor or parent corporation's name, advertising, and trade dress. *See Drexel v. Union Prescription Centers,* 582 F.2d 781 (3d Cir.1978) (applying Pennsylvania law), and *Matthews v. KFC National Management Co.,* No. 86–1181 (E.D.Pa. November 19, 1986) (unpublished memorandum), *available at* 1986 WL 13296. In *Matthews,* the United States District Court for the Eastern District of Pennsylvania held that:

> [I]t would not be unreasonable to infer that Ms. Matthews may have relied on the good name of [KFC] when she ate at the Bahamian restaurant. As reasonable minds could differ regarding the questions surrounding the question of apparent authority, the issue should be determined by a jury. The issue of apparent authority will, of course, be a threshold question for the jury.

*Matthews,* No. 86–1181, Slip Op. at p. 3.

¶ 18 Appellant also relies upon the New York case of *Fogel v. Hertz Int'l, Ltd.,* 141 A.D.2d 375, 529 N.Y.S.2d 484 (1st Dept. 1988), which reversed a grant of summary judgment in favor of Hertz, holding that:

> In moving for summary judgment below, the Hertz defendants argued that the vehicle was not owned by either Hertz International, Ltd. or The Hertz Corporation, but, rather, by Hertz Italiana. The court below granted the motion on the ground that Hertz Italiana has a separate corporate structure from that of the Hertz defendants. This was error, for there exist several issues of fact which preclude summary judgment.

Among the factual issues presented are whether the nature and content of the advertisements placed by the Hertz defendants to encourage Americans to rent automobiles in Europe were such as to constitute a holding out to the public which would estop them from disclaiming responsibility for Hertz Italiana's negligence. Further material issues of fact are whether the Hertz defendants acted in good faith in their advertising campaign, and *whether* the *plaintiffs justifiably relied upon* the *information provided* in the *several advertisements.*

*Fogel,* 529 N.Y.S.2d at 485 (Citations Omitted and Emphasis Added).

¶ 19 Appellants contend that the facts of the instant matter are in consonance with those of the cases that are cited and quoted above, in that Hertz "trades on its brand name all over the world." Appellants' Brief, p. 16. Appellants further assert that Hertz promotes and advertises itself as a multi-national company, "The Hertz Corporation", which has locations worldwide at which cars can be rented based upon a reservation that may be made by a telephone call to a toll-free telephone number within the United States. Appellant's Brief, p. 15. Appellants correctly observe that the various worldwide "Hertz" locations present and advertise themselves as simply "Hertz", but not, for example, as "Hertz Canada." Appellants' Brief, p. 15. Appellants finally conclude that based upon such presentations, a reasonable person would naturally rely upon the protection of "Hertz" as the responsible entity for all of these various locations. Thus, Appellants submit that this Court should reverse the lower court's grant of summary judgment in favor of Hertz and prevent what is, in their view, Hertz's attempt to hide behind the "corporate shield" and "Byzantine corporate complexities." Appellant's Brief, p. 16.

¶ 20 Our independent research has unearthed yet another decision of the United States Court of Appeals for the Third Judicial Circuit in the case of *Gizzi v. Texaco, Inc.,* 437 F.2d 308 (3d Cir.1971), which we find to be directly on point here. The plaintiff in *Gizzi* had his car's brakes repaired at a "Texaco" service station and automobile repair shop. He was later injured in an accident when the brakes failed. The lower court granted a motion for a directed verdict in favor of Texaco, but the United States Court of Appeals for the Third Judicial Circuit reversed, in stating:

The concepts of *apparent authority, and agency by estoppel are closely related.* Both depend on manifestations by the alleged principal to a third person, and reasonable belief by the third person that the alleged agent is authorized to bind the principal. The manifestations of the principal may be made directly to the third person, or may be made to the community, by signs or advertising.* Restatement (Second), Agency §§ 8, 8B, 27 (1957). In order for the third person to recover against the principal, he must have relied on the indicia of authority originated by the principal, and such reliance must have been reasonable under the circumstances.

*Gizzi,* 437 F.2d at 309 (Citations Omitted and Emphasis Added). The *Gizzi* court concluded that:

We are of the opinion that the court below erred in granting the motion. *Questions of apparent authority are questions of fact and are therefore for the jury to determine.*

*Gizzi,* 437 F.2d at 310 (Emphasis Added).

### *CONCLUSION*

¶ 21 We find both the reasoning and conclusion of the Third Circuit Court of

Appeals in *Gizzi* to be most persuasive. Our review of the record in this matter and of the above-referenced cases convinces us that the question of apparent authority creates a genuine issue of material fact for a jury's determination. Hertz clearly markets its car rental business as local, national, and international. Its advertising and reservations systems give no indication whatsoever that any entity *other than "Hertz"* is the entity with whom the consumer is dealing. A reasonable person could, indeed, have justifiably relied upon such presentations and concluded that Hertz was the entity with whom he or she was contracting and upon whom they could rely. As such, the lower court's grant of summary judgment in favor of Hertz must be reversed because a genuine issue of material fact as to the apparent agency of Hertz (as an agent for Hertz Canada) does indeed exist. This is a factual issue to be determined by a jury and not by the lower court.

¶ 22 In light of the foregoing, we need not address Appellants' first question presented regarding whether the lower court violated the *Nanty–Glo* rule by crediting Hertz's reliance upon the affidavits of Hertz personnel, since such issue has been mooted by our disposition in reversing the lower court's grant of summary judgment in favor of Hertz.

¶ 23 The March 5, 2007 order of the lower court is reversed, and the lower court's grant of summary judgment in favor of Appellee, Hertz, is vacated. This matter is remanded for further proceedings consistent with this Opinion.

¶ 24 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 25 McEWEN, P.J.E. FILES A DISSENTING STATEMENT.

DISSENTING STATEMENT BY McEWEN, P.J.E.:

¶ 1 While the majority provides a cogent expression of its view, I am compelled to this dissent since I remain convinced that the trial court was correct in granting summary judgment in favor of the Hertz Corporation. It bears emphasis that, as described below, the authorities relied upon by the majority in support of its decision to reverse the decision of the trial court are not binding precedent in Pennsylvania, and that the facts of those cases are distinguishable from the case at bar:

–The 1978 decision rendered by the United States Court of Appeals for the Third Circuit, *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781 (3rd Cir.1978), addressed a situation involving a franchisee whose relationship with the franchisor was governed by a detailed agreement that raised factual question concerning the degree of control exercised by the franchisor over the franchisee. Moreover, the over-the-counter transaction between the franchisee and the plaintiff was not governed by the terms of a signed contract between them.

–The 1986 decision rendered by the United States District Court for the Eastern District of Pennsylvania, *Matthews v. KFC National Management Co.*, No. 86–1181, 1986 WL 13296 (E.D.Pa.1986), also arose from the conduct of a franchisee toward a customer in a transaction that was *not* governed by a written contract.

–The 1988 decision rendered by the Appeals Division of the State of New York, *Fogel v. Hertz International*, 141 A.D.2d 375, 529 N.Y.S.2d 484 (N.Y.App.Div. 1988) is distinguishable for the reasons that (1) that there was no apparent contract disclaimer language, as there is here, and (2) that Hertz International

owned a 75% interest in the putative "agent" company. It bears further emphasis that the New York Court itself did not apply this precedent in the situation where a "car rental voucher issued to plaintiff clearly indicated that [the rental agency] was an independent contractor." *See: Travalja v. Maieliano Tours,* 213 A.D.2d 155, 622 N.Y.S.2d 961 (N.Y.App.Div.1995).

–The 1971 decision in *Gizzi v. Texaco, Ind.[Inc.]*, 437 F.2d 308 (3rd Cir.1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 57 (1971), which was also rendered by the United States Court of Appeal for the Third Circuit, is distinguishable on the grounds (1) that the exchange between the parties was based primarily on an oral transaction, and (2) that there was no written contract provision or disclaimer identifying the proper parties.

¶ 2 I am also concerned that the analysis of the Majority accepts as a cognizable fact the assertion by appellants that "Defendant also does business in Canada as The Hertz Corp." Opinion, p. 405. This allegation, which was contained in paragraph 2 of appellants' original Complaint, was denied in the Answer filed by appellee, thus placing the burden upon appellants to prove their assertion—an apparently impossible burden given the record in this case.[4]

¶ 3 It is also particularly noteworthy that the rental agreement signed by appellants contained on the signature page a logo with the explicit identification language *"Hertz Canada Limited"* prominently displayed, as well as a contract paragraph that read, "You [lessee] understand and agree that it is improper for You to file a lawsuit concerning this Agreement against any business entity other than the one with which You have this agreement as identified on the Rental Record." Exhibit E ¶ 12 to Plaintiffs' First Amended Complaint. Thus, there is no basis upon which to accept appellants' claim that they had a reasonable belief that they were renting a car from the American corporation known as the Hertz Corporation.[5]

¶ 4 It is thus that I dissent.

---

4. As noted by the trial court,
 In order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on which he bears the burden of proof such that a jury could return a verdict in his favor, and failure to adduce this evidence establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Keystone Aerial Surveys, Inc. v. Pennsylvania Property & Casualty Insurance Guaranty Association,*

777 A.2d 84 (Pa.Super.2001), *[affirmed* 574 Pa. 147, 829 A.2d 297 (2003) ].
Trial Court Opinion, May 4, 2007, p. 5.

5. While I have proceeded to this dissent, I am troubled that an American corporation conducting international operations can pursue profits from around the world, but seize the benefits of restricted liability imposed by international boundaries and clauses of contractual adhesion.