**C.S. v. Colony Insurance Company**

172

*William F. Anzalone,* for plaintiff C.S. in no. 05 CV 569 and plantiff C.H. in no. 05 CV 570.

*C. Daniel Higgens,* for plantiff C.J.C. in no. 05 CV 571.

*Kevin J. Dempsey,* for plantiff M.L. in no. 05 CV 586.

*Joseph W. Demmeler,* for defendant Colony Insurance Company.

*Zygmunt R. Bialkowski, Jr.,* for defendant Merchants & Businessmen's Mutual Insurance Company.

*Kevin James Simon,* pro se.

NEALON, *J.,* March 29, 2010—The professional liability insurer for a foster care placement service has filed a motion to strike the certificate of readiness in these declaratory judgment actions and argues that the scope of its duty to indemnify cannot be determined until the underlying tort actions instituted by the plaintiffs have been concluded. The plaintiffs seek an adjudication that their personal injury claims are governed by the insurer's medical incident coverage and higher liability limits rather than its sexual abuse coverage and lower policy

limits. Any declaratory judgment ruling concerning the applicable coverage and policy limits will depend upon the findings made by the juries in the underlying suits with regard to the cause of the plaintiffs' injuries. Therefore, for the reasons set forth in greater detail below, the certificate of readiness will be stricken without prejudice to the plaintiffs' right to recertify these declaratory judgment actions for a non-jury trial following the conclusion of the underlying tort actions.

## I. FACTUAL BACKGROUND

Four juveniles have filed tort actions in Monroe County naming Juvenile Rehabilitation Services Inc. (JRS) as a defendant.[1] Defendant Colony Insurance Company provided professional liability coverage to JRS for the policy period from 3/07/2000 to 3/07/2001. Defendant Merchants & Businessmen's Mutual Insurance Company furnished excess insurance to JRS for the same coverage period at issue.

According to the common averments set forth in the complaints that have been filed in the underlying tort

---

1. Three of the Monroe County actions also name Kevin James Simon as a defendant. See *C. S. v. Juvenile Rehabilitation Services Inc. and Kevin James Simon a/k/a Anna Hart,* No. 658 Civil 2002 (Monroe Co.); *S. S. v. Juvenile Rehabilitation Services Inc. and Kevin James Simon a/k/a Anna Hart,* No. 7651 Civil 2001 (Monroe Co.) *C. H. v. Juvenile Rehabilitation Services Inc. and Kevin James Simon a/k/a Anna Hart,* 659 Civil 2002 (Monroe Co.). The fourth Monroe County action does not include Kevin James Simon as a party, but does name Wordsworth Academy t/a/d/b/a Wordsworth at Shawnee as a defendant. See *M. L. v. Juvenile Rehabilitation Services Inc. and Wordsworth Academy,* No. 2002 Civil 7280 (Monroe Co.)

actions, JRS is engaged in the business of foster care placements and was responsible for placing M. S., J. W., C. J. C. and M. L. in the foster care of defendant Kevin James Simon between July 1999 and August 2000. At the time, Simon was a transvestite who impersonated himself as a female named Anna Hart who was purportedly, married to a male companion, James Hart. While the four juveniles were in his foster care, Simon sexually assaulted the juveniles and repeatedly subjected them to anal intercourse, oral sex, and pornographic materials. On May 16, 2001, Simon pled guilty to indecent deviate sexual intercourse, aggravated indecent assault, indecent assault, endangering the welfare of children, corruption of minors, and obscene and other sexual materials and performances, and is currently incarcerated at the Graterford state correctional institution. (See *C. S. v. Juvenile Rehabilitation Services Inc.,* No. 658 Civil 2002 (Monroe Co.), docket entry no. 1, ¶¶3-6, 8, 10-11; *C. H. v. Juvenile Rehabilitation Services Inc.,* No 659 Civil 2002 (Monroe Co.), docket entry no. 1, ¶¶3-6, 8, 10-11; *C. J. C. v. Juvenile Rehabilitation Services Inc.,* No. 7651 Civil 2001 (Monroe Co.), docket entry no. 1, ¶¶5-13; *M. L. v. Juvenile Rehabilitation Services Inc.* No. 2002 Civil 7281 (Monroe Co.), docket entry no. 1, ¶¶3-4, 9-11, 14-16).

The four juvenile victims maintain that JRS was negligent for failing to conduct an appropriate background check of Simon before placing them in his foster care. The juveniles submit that a proper pre-placement assessment would have revealed Simon's true sexual identity and pedophilic propensities and disclosed his three

criminal convictions and two outstanding arrest warrants. The four minors further assert that following their foster care placement with Simon, JRS compounded its initial negligence and recklessness by neglecting to conduct periodic interviews and inspections regarding their safety and care. The juveniles seek to recover damages from JRS for the physical, psychological and financial harm that they have sustained and will continue to suffer as a result of JRS's reckless and negligent conduct. (See *C. S., supra,* at ¶¶12-17, 19; *C. H., supra,* at ¶¶12-17, 19; *C. J. C, supra,* at ¶¶16-18, 20; *M. L., supra,* at ¶¶18, 20-25).

Colony Insurance's policy (#AP502511) affords professional liability coverage in the amount of $1,000,000 per claim/$3,000,000 per incident for damages resulting from a "medical incident" which is defined by the policy as "mean[ing] any act, error or omission in the furnishing of professional health care services." (Colony Insurance Policy No. AP502511, section I(1)(a) and section VI(7), attached as exhibit E to the complaint filed in *M. L. v. Colonial Insurance Company,* No. 05 CV 586 (Lacka. Cty.)). The policy also contains a "sexual and/or physical abuse coverage" declaration which provides "coverage only with respect to sexual and/or physical abuse liability as indicated and subject to the limits of liability set forth in this coverage form." The coverage form applicable to that sexual abuse rider affords lower coverage limits in the amount of $100,000 per claim/$100,000 per incident. The term "abuse" is defined by that coverage declaration as meaning "sexual abuse, assault and/or battery of a person or persons proximately caused by one

or more of your employees or proximately caused by your failure to properly supervise." (*Id.,* sections I(1), III and VI(1)).

Colony Insurance contends that it will be obligated to provide maximum liability coverage of $100,000 for the four juveniles' tort claims if it is determined that their damages were caused by either (a) sexual abuse by Simon whom the minors have alleged was JRS's ostensible or apparent agent or (b) JRS's failure to "properly supervise" Simon. Since the averments contained in the underlying complaints allege actions which potentially fall within Colony Insurance's coverage, it has furnished a defense to JRS in the Monroe County tort actions. However, inasmuch as Colony Insurance disputes whether it must indemnify JRS under its medical incident or sexual abuse coverage, the four juveniles have instituted the above-captioned declaratory judgment proceedings seeking an adjudication that Colony Insurance's "general liability limits rather than sexual abuse limits" apply to their tort claims. See *C. S. v. Colony Insurance Company,* No. 05 CV 569, dkt. entry no. 1, p. 6; *C. H. v. Colony Insurance Company,* No. 05 CV 571, dkt. entry no. 1, p. 6; *C. J. C. v. Colony Insurance Company,* No. 05 CV 571, dkt. entry no. 1, p. 5; *M. L. v. Colony Insurance Company,* No. 05 CV 586, dkt. entry no. 1 p. 6.

Over the objection of Colony Insurance, the minor plaintiffs filed a certificate of readiness pursuant to Lackawanna County R.C.P. 214 requesting the assignment of these declaratory judgment actions to a judge for the scheduling of a non-jury trial. Colony Insurance has

presented a motion to strike the certificate of readiness and asserts that any declaratory judgment ruling concerning the extent of its duty to indemnify is not ripe for disposition until such time as the juries in the tort actions have determined "whether [the minors'] injuries are solely from sexual abuse or are from other alleged actions by JRS." (defendant's brief in support of motion to strike, p. 8). The four juveniles counter that discovery has been completed in these declaratory judgment cases and that the breadth of Colony Insurance's duty to indemnify can be decided based upon the language of the policy. (Plaintiff M. L.'s brief in opposition, pp. 13-17.)

## II. DISCUSSION

The Declaratory Judgments Act, 42 Pa.C.S. §7531 et seq., may be invoked to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or to indemnify a particular party under the policy. See *General Accident Insurance Company of America v. Allen,* 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997); *Genaeya Corp. v. Harco National Insurance Company,* 2010 WL 892095 at *3, ¶5 (Pa. Super. 2010). An insurer's duty to defend an insured is distinct from and broader than its duty to indemnify an insured and is determined solely by the allegations of the complaint in the underlying action. *Kvaerner Metals Division of Kvaerner U.S. Inc. v. Commercial Union Insurance Company,* 589 Pa. 317, 330 & n.7, 908 A.2d 888, 896 & n.7 (2006); *Old Guard Insurance Company v. Sherman,* 866 A.2d 412, 416 (Pa. Super. 2004). If the underlying complaint contains allegations which, if true, would *potentially* bring the

claims within the policy coverage, the insurer has an obligation to defend its insured in that litigation. *American and Foreign Insurance Company v. Jerry's Sport Center Inc.,* 948 A.2d 834, 845 (Pa. Super. 2008); *Housing & Redevelopment Insurance Exchange v. Lycoming County Housing Authority,* 58 D.&C.4th 321, 339 (Lacka. Cty. 2001), *aff'd,* 809 A.2d 1096 (Pa. Commw. 2002).

In contrast, an insurer's duty to indemnify arises only where the insured is held liable for a claim that is actually covered by the policy. *Whole Enchilada Inc. v. Travelers Property Cas. Co. of America,* 581 F. Supp.2d 677, 694-95 (W.D. Pa. 2008); *West American Insurance Company v. Lindepuu,* 128 F. Supp.2d 220, 225 (E.D. Pa. 2000). Therefore, "[u]nlike the duty to defend, the duty to indemnify cannot be determined merely on the basis of whether the factual allegations of the complaint potentially state a claim against the insured." *Regis Insurance Company v. All American Rathskeller Inc.,* 976 A.2d 1157, 1161 (Pa. Super. 2009) (quoting *American States Insurance Company v. State Auto Insurance Company,* 721 A.2d 56, 63 (Pa. Super. 1998)). As a result, "the duty to defend may be triggered even if it is later determined by a court that there is no actual coverage and, thus, no duty to indemnify," *Jerry's Sport Center,* 948 A.2d at 852, but a finding that the insurer does not have a duty to defend under the policy will preclude the existence of a duty to indemnify the insured. *Kvaerner Metals,* 589 Pa. at 330 n.7, 908 A.2d at 896 n.7.

As noted above, Colony Insurance has furnished a defense to JRS in the pending Monroe County actions in accordance with its contractual duty to defend. Colony Insurance also acknowledges that it may ultimately

have a duty to indemnify JRS if JRS is found liable for damages in one or more of those tort actions. The juveniles contend that Colony Insurance's medical incident coverage and concomitant policy limits of $1,000,000/ $3,000,000 are applicable whereas Colony Insurance submits that its duty to indemnify may be governed by its sexual abuse coverage and corresponding $100,000 policy limits depending upon the Monroe County juries' findings. Specifically, Colony Insurance maintains that its sexual abuse coverage and limits will apply if the juries conclude that the minors' damages were caused by (1) sexual abuse by Simon and that Simon was the ostensible or apparent agent of JRS, *or* (2) JRS's failure to properly supervise.[2] Hence, Colony Insurance posits that any ruling concerning its indemnification obligations and applicable policy limits should be stayed until the Monroe County juries have determined the proximate cause of the juveniles' injuries.

---

2. In three of the tort actions, the juveniles have specifically averred that Simon was the ostensible agent of JRS. See *C. S. v. Juvenile Rehabilitation Services Inc., supra,* dkt. entry no. 1 at ¶9, 21; *S. S. v. Juvenile Rehabilitation Services Inc., supra,* dkt. entry no. 1 at ¶9; *C. H. v. Juvenile Rehabilitation Services Inc., supra,* dkt. entry no. 1 at ¶¶9, 21. Under Pennsylvania law, a principal may be liable for the tortious conduct of an ostensible or apparent agent even if the tortfeasor is not the actual agent or employee of the principal. See *Loyle v. Hertz Corporation,* 940 A.2d 401, 407-08 (Pa. Super. 2007), *app. denied,* 598 Pa. 775, 958 A.2d 1048 (2008); *Myers v. Garfield & Johnson Enterprises Inc.,* 2010 WL 165867 at *15-16 n.18 (E.D. Pa. 2010). In all four Monroe County cases, the juveniles have alleged that JRS failed to properly supervise their foster care following their placement with Simon. See *C. S. v. Juvenile Rehabilitation Services Inc, supra,* at ¶19; *S. S. v. Juvenile Rehabilitation Services Inc., supra,* at ¶16; *C. H. v. Juvenile Rehabilitation Services Inc., supra* at ¶19; *M. L. v. Juvenile Rehabilitation Services Inc., supra,* dkt. entry no. 1 at ¶18.

Courts are vested with the discretion under the Declaratory Judgments Act to defer any decision regarding an insurer's duty to indemnify until the underlying litigation has been concluded. See *Pressley v. Travelers Property Casualty Corporation,* 817 A.2d 1131, 1142 (Pa. Super. 2003) ("The decision regarding the duty to indemnify can await the resolution of the underlying action and a court may specifically decline to rule on the issue of indemnity."); *Unionamerica Insurance Company Ltd. v. Johnson,* 806 A.2d 431, 434 (Pa. Super. 2002) (finding that "[i]t was premature for the trial court to rule on the indemnity question" and stating that "[t]he duty to indemnify arises only if, after trial on the third-party claim, it is determined that the loss suffered is covered by the terms of the policy."). Under the federal Declaratory Judgments Act, 28 U.S.C. §§2201-2202, and the ripeness standard articulated in *Step-Saver Data Systems Inc. v. WYSE Technology,* 912 F.2d 643, 647 (3d Cir. 1990), the federal district courts in Pennsylvania have similarly concluded that courts should refrain from deciding an insurer's duty to indemnify until liability against the insured has been conclusively established in the underlying litigation. See *TDY Industries Inc. v. National Freight Transportation Inc.,* 2009 WL 691947 at *11 (W.D. Pa. 2009) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action."); *Whole Enchilada,* 581 F. Supp.2d at 695 ("An insurer will have a duty to indemnify when liability against the insured is conclusively established."); *American States Insurance Company v.*

Component Technologies Inc., 420 F. Supp.2d 373, 375-76 (M.D. Pa. 2005) (finding that determination of the duty to indemnify must await resolution of the underlying suits against the insured); *Cincinnati Insurance Companies v. Pestco Inc.,* 374 F. Supp.2d 451, 464-65 (W.D. Pa. 2004) (holding that duty to defend was not ripe for adjudication until the insured's liability was decided in the underlying action); *Allstate Insurance Company v. Lombardi,* 2003 WL 21666090 at *3 (E.D. Pa. 2003) (". . . where it is determined that the insurer does have a duty to defend, and where the liability of the insured in the underlying action has not yet been determined, the issue of indemnification cannot be addressed or resolved by the declaratory judgment court."), *aff'd,* 142 Fed. Appx. 549 (3d Cir. 2005); *Sphere Drake P.L.C. v. 101 Variety Inc.,* 35 F. Supp.2d 421, 431 (E.D. Pa. 1999) (". . . when the claims in the underlying action have not yet been decided by the state court, the inquiry of the court hearing the declaratory judgment action is limited to an analysis of an insurer's duty to defend because the indemnification issue, by contrast, requires the resolution of the merits of the underlying dispute.").

Citing *General Accident Insurance Company of America v. Allen,* 547 Pa. 693, 692 A.2d 1089 (1997), the juveniles assert that the scope of Colony Insurance's duty to indemnify may be decided in these declaratory judgment proceedings prior to the conclusion of the Monroe County cases. In *Allen,* three grandchildren filed a tort action against their grandfather who sexually molested them and their grandmother who "should have been aware of her husband's conduct and . . . failed to

protect the grandchildren." *Id.,* at 696-97, 692 A.2d at 1090. Unlike the cases at bar, "[t]he underlying civil action [in *Allen*] proceeded to trial before a jury prior to disposition of the declaratory judgment action." *Id.,* at 697, 692 A.2d at 1091. Jury verdicts were returned in favor of the grandchildren and against both grandparents. On appeal, the verdict against the grandfather was affirmed, but the judgment against the grandmother was reversed on the basis that she had no legal duty to control her husband's conduct under the circumstances. *Id.,* at 698 & n.4, 692 A.2d at 1091 & n.4.

The grandparents' insurer claimed that it did not owe the grandparents a duty to defend or indemnify them for sexual abuse liability since the policy contained an exclusion for intentional acts. The grandchildren countered "that special interrogatories presented to the jury in the civil action indicated that the jury had determined that [the grandfather] was liable for negligent infliction of emotional distress and that [the grandmother] was liable for negligent conduct found to be a substantial factor in bringing about the harm done to the children." *Id.,* at 699, 692 A.2d at 1091. The trial court in *Allen* found that the grandparents' coverage was inapplicable to the insureds' intentional conduct and liability for punitive damages, but concluded that the insurer had a duty to defend the grandparents with respect to the negligence claims. *Id.,* at 699, 692 A.2d at 1092.

After the Superior Court quashed the insurer's appeal as interlocutory, the Supreme Court reversed and held that the ruling pertaining to the duty to defend was final and appealable even though the trial court had not spe-

cifically determined the insurer's duty of indemnification. In so holding, the Supreme Court reasoned:

"The [insureds] argue . . . that the trial court has not disposed of all claims because the court cannot determine the duty to indemnify until the underlying action is fully resolved, including the exhaustion of all appeals. The question before a court in a declaratory judgment action is not whether the insurer owes *indemnification* in a specific amount, which would be a premature inquiry absent a full resolution of the underlying action. Instead, the question is whether the insurer has a *duty* to indemnify the insured *in the event of* liability in the underlying action. A court can answer such a question because it is within the scope of a court's power pursuant to the Declaratory Judgments Act." *Id.,* at 707, 692 A.2d at 1095. (emphasis in original)

The juveniles' reliance upon *Allen* is misplaced. *Allen* does not compel an advisory adjudication regarding the scope of Colony Insurance's duty to indemnify its insured, JRS, under a particular coverage declaration prior to the resolution of the Monroe County actions. Colony Insurance concedes that it has a duty to indemnify JRS in the event that JRS is found liable in the tort action(s). What cannot be determined in advance is whether indemnification is governed by the medical incident coverage and liability limits or the sexual abuse coverage and policy limits. That determination will depend upon the Monroe County juries' findings in any special verdict interrogatories that are presented to them. See *e.g., Allen,* 547 Pa. at 699, 692 A.2d at 1091. If the juries find that the juveniles' injuries were caused by JRS's pre-place-

ment conduct in failing to perform an appropriate background check of Simon prior to placing the juveniles in his foster care, Colony Insurance Company's medical incident coverage and limits will apply. However, if the juries conclude that the minors' damages were caused by JRS's failure to properly supervise Simon's foster care following their placement, or that their injuries were caused by Simon's sexual abuse while he was an ostensible or apparent agent of JRS, the sexual abuse coverage and limits will govern. See *USX Corp. v. Adriatic Insurance Company*, 99 F. Supp.2d. 593, 612 (W.D. Pa. 2000) ("Where the underlying action has been resolved by a jury, the insurer's duty to indemnify is determined by the material facts established at trial.").

If the parties' indemnification issue involved a determination of whether JRS was an insured under the policy language or was otherwise eligible for coverage based upon a stipulated set of facts, a declaratory judgment ruling with respect to Colony Insurance's duty to indemnify would be warranted. But the juveniles' declaratory judgment complaints request a determination that Colony Insurance's "general liability limits rather than sexual abuse limits" apply, and as the Supreme Court has expressly stated, the question of "whether the insurer owes indemnification in a specific amount . . . would be a premature inquiry absent a full resolution of the underlying action." *Allen*, 547 Pa. at 707, 692 A.2d at 1095. Until such time as the Monroe County juries have determined the proximate cause of the four juveniles' injuries, it would be inappropriate for the declaratory judgment court to make that finding or to decide Colony Insurance's indemnification obligations based upon hypothetical

scenarios. See *Victoria Insurance Company v. Mincin Insulation Services Inc.,* 2009 WL 90644 at *6 (W.D. Pa. 2009) ("A decision on the duty to indemnify would be contingent on the outcome of the underlying lawsuit, thus requiring a court to make a decision on hypothetical facts."). As U. S. District Judge James Munley has aptly cautioned in declining to address an insurer's duty to indemnify prior to the conclusion of the underlying state court action:

"Our judgment would merely provide advice and guidance to plaintiff as to how to proceed through settlement negotiations. This is precisely the type of abstract disagreement that the ripeness doctrine is designed to avoid. Therefore, we will dismiss the instant case without prejudice to plaintiff's ability to file suit following the imposition of liability in the underlying suit by settlement or otherwise." *American States Insurance Company,* 420 F. Supp.2d at 376.

We agree that any declaratory judgment ruling concerning the extent of Colony Insurance's duty to indemnify would be premature and merely advisory prior to the resolution of the tort actions against JRS. Consequently, guided by Judge Munley's sound reasoning, we will strike the plaintiffs' certificate of readiness without prejudice to their right to recertify these declaratory judgment cases following the disposition of the underlying actions.

## ORDER

And now, March 29, 2010, upon consideration of "defendant Colony Insurance Company's motion to strike

plaintiff M. L.'s certificate of readiness," the plaintiffs' responses thereto, and the memorandum of law submitted by the parties, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that "defendant Colony Insurance Company's motion to strike plaintiff M. L.'s certificate of readiness" is granted and that the certificate of readiness filed by plaintiff M. L. is stricken, without prejudice to the right of any party to recertify these declaratory judgment actions for a non-jury trial following the conclusion of the underlying tort actions which are currently pending in the Court of Common Pleas of Monroe County.